UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| HECKLER & KOCH, INC.,<br>　　　　Plaintiff,<br><br>　　vs.<br><br>GERMAN SPORTS GUNS GMBH, and<br>AMERICAN TACTICAL IMPORTS, INC.,<br>　　　　Defendants. | 1:11-cv-1108-SEB-TAB |

**ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT**

**I.　Introduction**

　　Plaintiff and Defendants are in the business of designing and selling firearms. Prior litigation between these entities resulted in a settlement agreement where Defendants allegedly agreed to cease manufacturing, distributing, and selling the SG-5 product line. [Docket No. 1, Ex. 1 at 2.] As part of the agreement, Plaintiff apparently approved Defendants' new firearm design known as GSG-522. [*Id.* at 2–3.] However, not long after reaching this agreement, Plaintiff filed a lawsuit against Defendants, claiming that Defendants breached the agreement by deviating from the approved design. [Docket No. 1, Ex. 1.] Plaintiff now seeks leave to amend its complaint to add a new party and new claims. [Docket No. 35.] For the reasons below, Plaintiff's motion for leave to amend the complaint is granted.

**II.　Discussion**

　　Federal Rule of Civil Procedure 15(a)(2) provides that when a party can no longer amend its complaint as a matter of course, it "may amend its pleading only with the opposing party's written consent or the court's leave." This rule reflects a liberal attitude toward amendments,

1

and a court should freely grant leave when justice requires. *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008). "Reasons for finding that leave should not be granted include 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment.'" *Arlin–Golf, LLC v. Vill. of Arlington Heights*, 631 F.3d 818, 822 (7th Cir. 2011). Defendants raise a series of objections asserting that HK GmbH is not a proper party to this suit and the newly asserted claims are futile.[1]

## A. *HK GmbH and the contract claims*

With respect to the breach of contract claims, Defendants contend that HK GmbH is not a proper party because HK GmbH is not a party to the settlement agreement. [Docket No. 38 at 7.] Plaintiff asserts that HK GmbH was assigned the rights to the MP5 registered trademarks that are at issue in the agreement and claims that this successive ownership in the trademarks puts HK GmbH in privity with HK USA and thus makes HK GmbH a proper party. [Docket No. 39 at 7.]

"Generally, only parties to a contract or those in privity with the parties have rights under the contract." *Bkcap LLC v. Captec Franchise Trust 2000-1*, No. 3:07-CV-00637, 2009 WL 3075353, at *2 (N.D. Ind. 2009) (quoting *OEC-Diasonics, Inc. v. Major*, 674 N.E.2d 1312, 1314–15 (Ind. 1996)). "Privity has been defined as mutual or successive relationships to the same right of property, or an identification of interest of one person with another as to represent the same legal right." *Network Commc'n of Ind. v. IDT Corp.*, No. 1:03-CV-0631-RLY-TAB, 2004 WL 3315374, at *3 (S.D. Ind. Sept. 30, 2004) (internal quotation marks omitted). Because

---

[1] Defendants do not object to Plaintiff's assertion that permissive and mandatory joinder are appropriate. Therefore, the Court does not address joinder under Rules 19 and 20.

HK GmbH is the successive owner in interest to the MP5 property rights, it is in privity of contract with HK USA. Accordingly, HK GmbH is a proper party as to the contract claims.

  B. *HK GmbH and the non-contract claims*

With respect to the non-contractual claims, Defendants claim that HK GmbH is not a proper party because "HK has not pled or alleged, in its *Motion to Amend*, that HK GmbH is an assignee of rights from HK." [Docket No. 38 at 9.] Despite Defendants' contentions, Plaintiff is not required to plead detailed allegations about the ownership history of the MP5. *See* Fed. R. Civ. P. 8. It is sufficient that the proposed complaint alleges that "HK GmbH owns a federal registration for the MP5 mark (Regis. # 1594109). This registration is active and unrevoked, and constitutes *prima facie* evidence of HK GmbH's ownership of the mark." [Docket No. 35 at 4.]

Defendants also assert that Plaintiff has improperly taken contrary positions in its proposed amended complaint as to who owns the intellectual property rights. [*Id.*] Defendants' argument is somewhat well taken since portions of the proposed complaint barely do a sufficient job of distinguishing between HK BgmH's, HK USA's, and HK's ownership rights. Nonetheless, the proposed complaint explicitly states that HK BgmH is the owner of the intellectual property rights and HK USA is the entity that markets and sells the firearms. [Docket No. 35 at 2–3.] This allegation sufficiently clarifies any confusion that may exist in other portions of the proposed complaint. Moreover, even if the proposed complaint alleged that both entities owned the intellectual property, it is not uncommon for more than one entity to share intellectual property rights in the same property. *See Brown v. Budz*, 398 F.3d 904, 912 (7th Cir. 2005) ("At this early stage of the proceedings, we take plaintiff's factual allegations as true, draw all reasonable inferences in his favor, and will hypothesize any set of facts consistent

with those allegations to avoid dismissal."); *see also Chi. Police Sergeants Ass'n v. City of Chi.*, No. 08-CV-4214, 2011 WL 2637203, at *6 (N.D. Ill. July 6, 2011) (citing a litany of authority for the proposition that a complaint "may alternatively plead inconsistent facts as well as inconsistent theories."). HK GmbH is therefore a proper party with respect to the non-contractual claims.

### C. *Dispute resolution*

Defendants argue that Counts V–IX are futile because "HK neither pled in the proposed amended complaint that it engaged in the required [dispute resolution] process, nor has it in fact engaged in the process." [Docket No. 38 at 10.] As Plaintiff correctly points out, the dispute resolution provision only applies to ATI, and Counts V–IX are only being asserted against GSG, a separate entity from ATI. [Docket No. 39 at 10.] Therefore, Plaintiff's proposed claims are not futile with respect to the dispute resolution clause.

### D. *Covenant not to sue*

Defendants also argue that HK reviewed the design of the GSG-522 attached to the settlement agreement and "covenanted not to sue GSG or any of its customers, distributors, or importers for its sale . . . ." [Docket No. 38 at 11.] However, as Plaintiff correctly asserts, the covenant not to sue only extends to the GSG-522 design that was approved and attached to the settlement agreement. [Docket No. 39 at 1.] Because Plaintiff alleges that Defendants' firearm labeled GSG-522 does not conform to the "specific form and design" that was approved, the covenant not to sue does not render Plaintiff's claims futile.

4

### E. Tortious interference

Defendants assert that the proposed tortious interference claim is futile because "failure to comply with the express terms of the contract . . . is limited to a suit for breach of contract." [Docket No. 38 at 2 (quoting *Rexnord Corp. v. DeWolff Boberg & Assocs., Inc.*, 286 F.3d 1001, 1005 (7th Cir. 2002)).] Defendants' citation, however, is incomplete. The full sentence of the text Defendants quote reads:

> But the difference is that the mess-up resulted from a failure to comply with express terms of the contract; and when a standard of care is specified in the contract it supersedes the tort standard (for why shouldn't the parties be able to cut their own deal, so far as their rights and liabilities to each other are concerned?) and the promisee's remedy is limited to a suit for breach of contract.

*Rexnord*, 286 F.3d at 1005. Thus, *Rexnord* is not particularly helpful to Defendants' position since it deals with contractual language specifying the standard of care for a tort claim.

Similarly, Defendants' claim that a tort is a "legal wrong committed upon the person or property independent of contract," is not particularly helpful either. [Docket No. 38 at 12.] While it is true that a tort claim is distinct and independent from a contractual claim, that does not mean Plaintiff is prohibited from alleging breach of contract and tortious interference claims in the same suit. Finally, Defendants assert that the tortious interference claim is futile due to the release in the settlement. [Docket No. 38 at 12.] However, as Plaintiff has repeatedly explained, "Defendants are not being sued for the manufacture and sale of the GSG-522 as detailed in Exhibit A of the Settlement Agreement." [Docket No. 39 at 13.] Rather, "Defendants are instead being sued for the manufacture and sale of the non-conforming Infringing Firearms."

[*Id.*] Accordingly, Plaintiff's proposed tortious interference claim is not futile.²

F.  Fraud

Defendants also object to Plaintiff's proposed fraud claim. For a fraud claim to survive a motion to dismiss, the plaintiff must allege "(1) at least one representation of past or existing fact that (2) is false, (3) was made with knowledge or reckless disregard of its falsity, and (4) causes reasonable reliance to the detriment of the person relying upon it." *Bowman v. City of Indianapolis*, 133 F.3d 513, 518–19 (7th Cir. 1998) (citing *Scott v. Bodor, Inc.*, 571 N.E.2d 313, 319 (Ind. Ct. App. 1991); *Plymale v. Upright*, 419 N.E.2d 756, 760 (Ind. Ct. App. 1981)). Additionally, a plaintiff must "state with particularity the circumstances constituting the fraud . . . ." Fed. R. Civ. P. 9(b). For example, a plaintiff must identify "the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated." *IWOI, LLC v. Monaco Coach Corp.*, 581 F. Supp. 2d 994, 1002 (N.D. Ill. 2008). "Malice, intent, knowledge and other conditions of a person's mind may be alleged generally." *Id.*

Plaintiff has properly alleged the elements of fraud. The past or existing representation of fact alleged is the agreement to conform to the approved design and to cease sales of the GSG-5s. [Docket No. 35 at 7.] According to the complaint, this representation was false and made with knowledge or reckless disregard as to its falsity. [*Id.*] Moreover, Plaintiff claims that it reasonably relied upon the representation when entering into the agreement. [*Id.*] As to specificity, the persons who allegedly made the misrepresentations are Michael Swoboda and

---

²Defendants raise additional objections to this claim that they previously raised in response to other proposed claims. As such, the Court need not address these arguments again.

Tony DiChario. [*Id.* at 25.] Although the proposed complaint does not identify these individuals by name, the settlement agreement attached to the complaint identifies them by name. *See PharMerica Chi., Inc. v. Meisels*, 772 F. Supp. 2d 938, 948 (N.D. Ill. 2011) (explaining that a settlement agreement attached as an exhibit to a complaint is part of the pleadings). Finally, the time, place, and content of the misrepresentation and the method by which the misrepresentation was communicated is set forth in the proposed complaint or contained in the attached settlement agreement. Therefore, Plaintiff has properly pleaded the elements of fraud with particularity.

Defendants further assert that "courts disfavor attempts to convert breach of contract claims into fraud claims." [Docket No. 38 at 16 (citing *All-Tech Telecom, Inc. v. Amway Corp.*, 174 F.3d 862, 865 (7th Cir. 1999)).] However, *All-Tech* is not particularly helpful to Defendants since the promise in the settlement agreement does not address the quantity, fitness, or specifications of goods in the context of commercial transactions. *All-Tech* provides that:

> Where there are well-developed contractual remedies, such as the remedies that the Uniform Commercial Code (in force in all U.S. states) provides for breach of warranty of the quality, fitness, or specifications of goods, there is no need to provide tort remedies for misrepresentation. The tort remedies would duplicate the contract remedies, adding unnecessary complexity to the law. Worse, the provision of these duplicative tort remedies would undermine contract law.

*Id.* at 865. In contrast, the parties' settlement agreement deals with the specific design of goods in the context of intellectual property law. Thus, *All-Tech* is not applicable to Plaintiff's proposed fraud claim. Accordingly, the fraud claim is not futile.[3]

---

[3] Defendants raise additional objections to this claim that they previously raised in response to other proposed claims. As such, the Court need not address these arguments again.

### G. Intellectual property and competition claims

Defendants raise the same objections to these claims that they previously raised in response to other proposed claims. [*See* Docket No. 38 at 17.] As such, the Court need not address these arguments again.

## III. Conclusion

For the reasons above, Plaintiff's motion for leave to file an amended complaint [Docket No. 35] is granted. Because Plaintiff did not properly file the proposed amended complaint as an exhibit separate from its motion, *see* Local Rule 5-6(a), Plaintiff is given leave to refile the amended complaint within 14 days, which is deemed filed as of February 10, 2012, the date of Plaintiff's motion for leave.

Dated: 05/10/2012

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Neal F. Bailen
STITES & HARBISON, LLP
nbailen@stites.com

Douglas B. Bates
STITES & HARBISON, LLP
dbates@stites.com

Tracy Nicole Betz
TAFT STETTINIUS & HOLLISTER LLP
tbetz@taftlaw.com

Michael Zachary Gordon
TAFT STETTINIUS & HOLLISTER LLP
zgordon@taftlaw.com

Jonathan G. Polak
TAFT STETTINIUS & HOLLISTER LLP
jpolak@taftlaw.com

Darlene R. Seymour
dseymour@ce-ip.com

Jason M. Sneed
JASON SNEED PLLC
jsneed@sneedlegal.com