UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| HECKLER & KOCH, INC., | ) |
| Plaintiff/Counterclaim Defendant, | ) |
| and | ) |
| HECKLER & KOCH GMBH, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:11-cv-01108-SEB-TAB |
| | ) **JURY TRIAL DEMANDED** |
| GERMAN SPORT GUNS GMBH and AMERICAN TACTICAL IMPORTS, INC., | ) |
| Defendants/Counterclaimants. | ) |

## AMENDED COMPLAINT

For this Complaint against Defendants, German Sports Guns GmbH ("GSG") and American Tactical Imports, Inc. ("ATI"), Plaintiffs, Heckler and Koch, Inc. ("HK USA") and Heckler & Koch GmbH ("HK GmbH") (together, HK USA and HK GmbH are referred to as HK") hereby allege as follows:

## SUBSTANCE OF THE ACTION

1. This action arises from the Defendants' advertisement, distribution and/or sale of firearms made to replicate the famous HK MP5® firearm. HK is the designer and manufacturer of the MP5® sub-machine guns, and as a result, owns all intellectual property associated with the MP5® in the United States. Furthermore, HK has granted an exclusive license to Carl Walther GmbH ("Walther") to manufacture and sell MP5® replicas in .22 caliber form, including in the

United States. HK has also granted Umarex Sportwaften GmbH & Co. KG ("Umarex") an exclusive license to manufacture and distribute MP5 replica airguns and airsoft guns.

2. Defendants' advertise, manufacture and/or sell two product lines of "knock-off" .22 caliber guns made to replicate the look and feel of the famous MP5®. Previously, these weapons were referred to as the "GSG-5" line, and now it has been repackaged and referred to as the "GSG-522" and/or the "German Sport 522" firearms (together, "the 522s"). These guns, both the GSG-5 and the 522s, violate certain provisions of a Settlement Agreement reached between the parties and executed on October 8, 2009 (See attached, Exhibit A) (hereinafter referred to as the "Agreement"). HK seeks by this action to enforce the provisions of the Agreement and to recover damages for breach of it, as well as to assert various common law and statutory claims arising from the Defendants' bad acts.

3. Furthermore, GSG and ATI's advertisement, manufacture and/or sale of the GSG-5 and the 522s violates HK's rights under federal trademark law, common law and Indiana state law. HK asserts claims against GSG and/or ATI for trademark dilution, false designation of origin or sponsorship, false advertising, and trade dress infringement pursuant to the Lanham Act, as well as common law trademark infringement, unfair competition, and tortious interference with business relationships and prospective business relationships.

4. HK seeks a preliminary and/or permanent injunction preventing Defendants from continuing to advertise, manufacture or sell the GSG-5 and/or the 522s, along with an award of damages, treble damages, statutory damages, profits, attorney's fees and costs.

## THE PARTIES

5. HK USA is a corporation organized and existing under the laws of the state of Virginia.

6. HK GmbH is a foreign corporation organized and existing under the laws of Germany.

7. Defendant, GSG is a foreign business organized and existing under the laws of Germany. GSG may be served through its counsel of record.

8. Defendant, ATI, is a corporation organized and existing under the laws of New York. ATI may be served through its counsel of record.

## JURISDICTION AND VENUE

9. This Court has original jurisdiction pursuant to 28 USC § 1331 and 1338, and where appropriate supplemental jurisdiction pursuant to 28 USC § 1367 (a).

10. Defendants GSG and ATI have already submitted to the personal jurisdiction of this Court and have not contested venue.

## BACKGROUND AND GENERAL ALLEGATIONS

**1. The HK IP**

11. HK is a leading firearms manufacturer and distributor in the United States and throughout the world. HK is especially prominent in providing weaponry to military and law enforcement.

12. Related to this business, HK owns a wide variety of intellectual property rights ("the HK IP"). Included within the HK IP are federal and state registered trademarks, trade dress, copyrights and patents for HK's well-known weapon designation marks and weapon designs.

13. Relevant to this Complaint, HK GmbH owns a federal registration for the MP5® mark (Regis. # 1594109). This registration is active and unrevoked, and constitutes *prima facie* evidence of HK GmbH's ownership of the mark. HK USA markets and sells HK products,

including the MP5® throughout the United States.

14. HK also owns common law trademark and trade dress rights in the distinct shape of the MP5®. These rights are included in the HK IP.

15. HK maintains strict control over the quality and nature of its products and items bearing the HK IP.

16. HK has invested considerable time and money in advertising the HK IP throughout Indiana and around the world. As a result of extensive worldwide advertising, the HK IP is immediately recognizable.

17. HK has acquired substantial goodwill among consumers.

18. As a result of such goodwill and immediate recognition, and as a result of extensive advertising, the HK IP has become highly valuable.

19. In an effort to maximize that value, HK has granted an exclusive license to Walther for the manufacture and sale of .22 caliber firearms and to Umarex for airsoft guns and airguns that replicate the HK IP, and in particular the MP5®.

**2. The Prior Litigation**

20. This is not the first lawsuit between the parties. HK USA previously filed a Complaint against Defendants in this Court for trademark and trade dress infringement and other related claims, in a matter styled *Heckler & Koch, Inc. v. German Sports Guns GMBH, et al*, Cause No. 1:09-cv-00039-WTL-JMS ("the First Complaint"). The claims set forth in the First Complaint stemmed from Defendants' advertisement and sale of the GSG-5 line of firearms which copied HK's MP5® line.

21. As a result of their attempts to resolve the claims asserted in that litigation, the parties entered into the Agreement on October 8, 2009.

22. Under the terms of the Agreement, Defendants agreed to cease all manufacture, distribution and sales of the GSG-5s. (Exhibit A, page 2, paragraphs 3 and 4).

23. Further, the Agreement specifically allowed a contemplated GSG-522, in a specific form and design, to be manufactured and sold by GSG should it choose to do so. This permission was granted in the context of the overall settlement and in an attempt to resolve the case, and but for that context permission may not have been given. However, it has now become evident that the GSG-522 described in and authorized by the Agreement is substantially different than the "GSG-522" currently offered for sale by GSG and ATI.

**3. Defendants' Violation of the Agreement and Continued Infringement of the HK IP**

24. In truth, the "new" GSG-522 is nothing more than the GSG-5 firearm despite GSG and ATI's agreement to never sell it again.

25. Further, the GSG-5 continues to be sold despite an express prohibition against its sale.

26. HK has demanded that GSG and ATI cease in the sale of the GSG-5 and the GSG-522.

**COUNT I**
**BREACH OF CONTRACT: THE GSG-5**

27. HK incorporates herein by reference the allegations contained in all previous paragraphs of this Complaint.

28. This cause of action arises against both Defendants.

29. The Agreement expressly prohibits the sale of the GSG-5s after "anywhere in the world" after the "Sell-Off Period."

30. The "Sell-Off Period" terminated and GSG continues selling the GSG-5 despite this prohibition.

5

31.     Such continued sales are in breach of the Agreement.  HK has been damaged by the continued sale of these products.

32.     In addition to damages, HK is entitled to injunctive relief against these sales and specific performance of the Agreement.

## COUNT II
## BREACH OF CONTRACT: THE 522S

33.     HK incorporates herein by reference the allegations contained in all previous paragraphs of this Complaint.

34.     This cause of action arises against both Defendants.

35.     The 522s are the equivalent of the GSG-5 and do not differ materially from the GSG-5. Accordingly, GSG has breached the Agreement in continuing to sell the GSG-5 by simply re-labeling it as a "GSG-522."

36.     GSG has also breached the Agreement by selling a GSG-522 that fails to conform to the authorized design contained in the Settlement Agreement.

37.     As a result of Defendants' breach of the Agreement, HK has incurred damages.

38.     In addition to damages, HK is entitled to injunctive relief against these sales and specific performance of the Agreement.

## COUNT III
## TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS: RELATIONSHIP BETWEEN HK AND WALTHER

39.     HK incorporates herein by reference the allegations contained in all previous paragraphs of this Complaint.

40.     This cause of action arises against both Defendants.

41.     HK has granted an exclusive license to Walther for the manufacture and sale of .22 caliber replicas of the HK MP5®, and thus HK and Walther have a valid, existing business

relationship.

42. Defendants are aware of the relationship between HK and Walther

43. Defendants have intentionally interfered with the relationship between HK and Walther by selling the GSG-5 and the 522s without authorization, permission or justification.

44. HK has incurred damages as a result of Defendants' interference with its business relationship with Walther.

## COUNT IV
## FRAUD

45. HK incorporates herein by reference the allegations contained in all previous paragraphs of this Complaint.

46. This cause of action arises against both Defendants.

47. Defendants represented in the Agreement that they intended to cease sales of the GSG-5s.

48. Defendants further represented in the Agreement that they intended to sell a modified product called the "GSG-522."

49. Defendants' representations were material and false.

50. Upon information and belief, Defendants knew their representations were false, or the representations were made with reckless disregard as to their truth or falsity at the time they were made.

51. HK reasonably relied on Defendants' representations in the Agreement and was induced to enter into the Settlement Agreement based on these fraudulent misrepresentations.

52. HK seeks its damages sustained as a result of Defendants' fraud.

# COUNT V
# TRADEMARK DILUTION UNDER 15 U.S.C. § 1125(c)

53. HK incorporates herein by reference the allegations contained in all previous paragraphs of this Complaint.

54. This cause of action arises only against GSG.

55. The HK IP is the product of creativity and imagination.

56. The HK IP is distinctive and famous.

57. Defendant GSG adopted the HK IP after the marks became famous.

58. Defendant GSG's use of the HK IP caused dilution of the marks.

59. Defendant GSG's use of the HK IP is commercial and in commerce.

60. Defendant GSG's use of the HK IP in both the GSG-5 and the 522s has weakened the unique association of the HK IP with HK.

61. Defendant GSG's use of the HK IP in both the GSG-5 and the 522s has been and continues to be wilfull.

62. As a result of Defendant GSG's dilution under 15 U.S.C. § 1125(c), HK has suffered irreparable harm to valuable HK IP. Unless Defendant GSG is preliminarily and/or permanently enjoined from further dilution, HK will continue to suffer irreparable harm.

63. A preliminary and/or permanent injunction is necessary to prevent Defendant GSG from further interference with the HK IP.

64. Defendant GSG's dilution of the HK IP has caused HK damages, including, but not limited to, Defendant GSG's profits from the sale of all infringing goods, actual damages, treble damages, statutory damages, lost profits, costs of suit and attorney's fees.

# COUNT VI
# FALSE DESIGNATION OF ORIGIN OR SPONSORSHIP, FALSE ADVERTISING AND TRADE DRESS INFRINGEMENT UNDER 15 U.S.C. § 1125(a)

65. HK incorporates herein by reference the allegations contained in all previous paragraphs of this Complaint.

66. This cause of action arises only against GSG.

67. Defendant GSG currently uses and has used in the past the HK IP in commerce and in connection with the sale of goods or services.

68. Defendant GSG's use of the HK IP in connection with the GSG-5 and the 522s is likely to cause confusion or mistake and/or is likely to deceive consumers as to the affiliation, connection or association of GSG with HK; or as to the origin, sponsorship, or approval of GSG's goods by HK, or anyone acting on behalf of HK.

69. GSG's conduct constitutes false or misleading descriptions, false advertising, and false designations of the origin and/or sponsorship of GSG's goods and constitutes trade dress infringement in violation of § 43(a) of the Lanham Act, as amended, 15 U.S.C. § 1125(a).

70. As a result of GSG's conduct, HK has suffered irreparable harm to valuable HK IP. Unless GSG is preliminarily and/or permanently enjoined from further false designations, false advertisement and trade dress infringement, HK will continue to suffer irreparable harm.

71. A preliminary and/or permanent injunction is necessary to prevent GSG from further interference with HK IP.

72. GSG's violations of 15 U.S.C. §1125(a) have caused HK to incur damages, including, but not limited to, GSG's profits from the sale of all infringing goods, actual damages, treble damages, statutory damages, lost profits, costs of suit and attorney's fees.

# COUNT VII
# COMMON LAW TRADEMARK INFRINGEMENT

73. HK incorporates herein by reference the allegations contained in all previous paragraphs of this Complaint.

74. This cause of action arises only against GSG.

75. HK was the first to use the HK IP or any marks similar thereto in association with the sale of any product or service. As a result of the continued sale by HK, the HK IP has become immediately recognizable and HK has become identified in the public mind as the manufacturer and/or licensor of the products and services to which the HK IP are applied.

76. HK has acquired a reputation among consumers for quality and excellence, and the HK IP has come to symbolize that reputation.

77. GSG, with knowledge of and with intentional disregard for the rights of HK, manufactured, distributed, advertised and/or sold items (the GSG-5 and the 522s) using the HK IP or confusingly similar imitations thereof.

78. GSG's use of the HK IP has created a likelihood of confusion among consumers.

79. GSG's acts constitute trademark infringement and willful infringement under common law.

80. As a result of GSG's conduct, HK has suffered irreparable harm to valuable the HK IP. Unless GSG is preliminarily and/or permanently enjoined from further infringement, HK will continue to suffer irreparable harm.

81. A preliminary and/or permanent injunction is necessary to prevent GSG from further interference with the HK IP.

82. As a result of GSG's infringement, HK has suffered damages, including, but not limited to, GSG's profits from the sale of all infringing goods, actual damages, treble damages, statutory damages, lost profits, costs of suit and attorney's fees.

## COUNT VIII
## **UNFAIR COMPETITION**

83. HK incorporates herein by reference the allegations contained in all previous paragraphs of this Complaint.

84. This cause of action arises only against GSG.

85. GSG's unlawful and unauthorized use of the HK IP constitutes unfair competition with HK and Walther.

86. GSG's conduct creates consumer confusion as to the source and/or origin of the infringing items, as well as gives rise to more general unfair competition claims.

87. GSG's use of the HK IP is an attempt to interfere with HK and Walther's business relationship with their customers, retailers, distributors and to trade on HK's goodwill.

88. As a result of GSG's conduct, HK has suffered irreparable harm. Unless GSG is preliminarily and/or permanently enjoined from further unfair competition, HK will continue to suffer irreparable harm.

89. A preliminary and/or permanent injunction is necessary to prevent GSG from further interference with the HK IP.

90. GSG's unfair competition has caused HK to incur damages, including but not limited to, GSG's profits from the sale of the infringing products, actual damages, lost profits, lost royalties, costs of suit and attorney's fees.

# COUNT IX
## STATE TRADEMARK INFRINGEMENT UNDER IND. CODE § 24-2-1-13

91. HK USA incorporates herein by reference the allegations contained in all previous paragraphs of this Complaint.

92. This cause of action arises against only against GSG.

93. HK USA is the owner of a state trademark registration for the trade dress of the MP5® (the MP5® Registered Mark").

94. Defendant GSG has used, without the consent of HK USA, reproductions, counterfeits, copies or colorable imitations of the MP5® Registered Mark.

95. GSG's use of the MP5® Registered Mark in connection with the sale, offering for sale, or advertising of goods is likely to cause confusion or mistake or to deceive as to the source or origin of such goods.

96. GSG has reproduced, counterfeited, copied or colorably imitated the MP5® Registered Mark and applied thatmark to labels, signs, prints, packages, receptacles or advertisements intended to be used upon or in conjunction with the sale or distribution in the State of Indiana of such goods.

97. GSG's use of the MP5® Registered Mark creates the likelihood of confusion, mistake and/or deception among consumers.

98. GSG willfully infringed upon the trademark rights of HK USA. GSG intended to confuse, mistake or deceive consumers.

99. GSG used the reproductions of the MP5® Registered Mark with knowledge that the use was a copy and/or counterfeit.

100. Consumers were initially interested and lured to the infringing items by the similarity to the MP5® Registered Mark.

101. As a result of GSG's infringement, HK USA has suffered irreparable harm to the valuable MP5® Registered Mark. Unless GSG is preliminarily and/or permanently enjoined from further infringement, HK USA will continue to suffer irreparable harm.

102. A permanent injunction is necessary to prevent GSG from further interference with HK USA's trademark rights.

103. As a result of GSG's infringement under IND. CODE § 24-2-1-13, HK USA has been injured and is entitled to damages, including but not limited to, GSG's profits from the sale of all infringing goods, actual damages, treble damages, statutory damages, costs of suit and attorney's fees.

## JURY DEMAND

HK demands a trial by jury on all triable causes of action pled herein.

Respectfully submitted,

*s/Tracy N. Betz*
Jonathan G. Polak
Tracy N. Betz
TAFT STETTINIUS & HOLLISTER LLP
One Indiana Square, Suite 3500
Indianapolis, IN 46204
Telephone: (317) 713-3500
Facsimile: (317) 713-3699
E-mail: jpolak@taftlaw.com

Darlene R. Seymour
1292 E. 91st Street
Indianapolis, IN 46240
Telephone: (317) 818-0523
Email: dseymour@ce-ip.com

Attorneys for Plaintiffs,
Heckler & Koch, Inc. and
Heckler & Koch GmbH

## CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2012, a copy of the foregoing was filed electronically. Notice of this filing will be sent to counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

>Jason M. Sneed
>SNEED PLLC
>610 Jetton St., Suite 120-107
>Davidson, NC 28036
>jsneed@sneedlegal.com
>
>Douglas B. Bates
>Neal F. Bailen
>STITES & HARBISON, LLP
>323 East Court Avenue
>PO Box 946
>Jeffersonville, IN 47131
>dbates@stites.com
>nbailen@stites.com

>>*s/Tracy N. Betz*

1583710_1.DOC