UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| HECKLER & KOCH, INC. and<br>HECKLER & KOCH GMBH, | ) | |
| | ) | |
| Plaintiffs/Counterclaim Defendants, | ) | |
| | ) | |
| v. | ) | Case No. 1:11-cv-01108-SEB-TAB |
| | ) | |
| GERMAN SPORT GUNS GMBH; and<br>AMERICAN TACTICAL IMPORTS, INC., | ) | |
| | ) | |
| Defendants/Counterclaimants, | ) | |
| | ) | |
| AND | ) | |
| | ) | |
| GERMAN SPORT GUNS GMBH; and<br>AMERICAN TACTICAL IMPORTS, INC., | ) | |
| | ) | |
| Third-Party Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| G. WAYNE WEBER AND NILS ILHOFF, | ) | |
| | ) | |
| Third-Party Defendants. | ) | |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S
MOTION TO STRIKE DEFENDANTS' ANSWER, COUNTERCLAIMS,
AND THIRD-PARTY CLAIMS**

## I.     INTRODUCTION

Plaintiffs' Motion to Strike and/or Dismiss should be denied. Plaintiffs assert that leave of court was required for Defendants to add claims and parties, that the pleading should be stricken under Fed.R.Civ.P. 12(f), and that Defendants' fraud claims should be dismissed. To the contrary, (1) leave of court was not required following Plaintiffs' own amendment; (2) Fed.R.Civ.P. 12(f) is not a proper vehicle to attack Defendants' well-pled claims, and (3) Defendants' fraud claims are proper, well-pled, and not subject to dismissal.

1

## II.     DEFENDANTS' ANSWER, COUNTERCLAIMS, AND THIRD-PARTY CLAIMS WERE FILED PROPERLY

On May 22, 2012, Plaintiffs filed an amended complaint greatly expanding the scope of this case to encompass fraud, tortious interference, and various intellectual property claims. (Docket No. 45, hereinafter "Amended Complaint.") For Defendants to file an answer, counterclaims, and implead third parties in response, obtaining leave of this court was not necessary under the Federal Rules of Civil Procedure. Because Defendants did not need to seek leave to file their answer, counterclaims, and third-party complaint (Docket No. 56, hereinafter "Defendants' Answer"), any advance notice of those claims provided to Plaintiffs' counsel was a courtesy, not a necessity.

### A.     Defendants Were Entitled to Plead New Claims in Response to the Amended Complaint

Leave of court to file counterclaims in response to an amended complaint is not required where the amended complaint changes the scope of the case. *Fausset v. Mortgage First, LLC*, 2010 WL 1212085, *4 (N.D. Ind. Mar. 23, 2010) ("If the amended complaint adds new theories of recovery or changes the scope of the case, then the defendant is free to plead anew as if the prior pleadings did not occur.") (*quoting GSI Group, Inc. v. Sukup Mfg. Co.*, 2007 WL 757819, *2 (C.D.Ill. March 8, 2007)); *see also Dorr-Oliver Inc. v. Fluid-Quip, Inc.*, 1994 WL 11650, *2 (N.D. Ill. Jan. 6, 1994) ("When a plaintiff files an amended complaint which changes the theory or scope of the case, the defendant is allowed to plead anew as though it were the original complaint filed by the plaintiff.").

In response to an amended complaint that "adds new theories of recovery or changes the scope of the case," *Fausset*, 2010 WL1212085 at *4, a defendant is entitled to "expand the scope of its response without leave of court." *GSI Group, Inc.*, 2007 WL 757819, *2 (permitting new affirmative defenses and counterclaims without leave of court); *Massey v. Helman*, 196 F.3d

727, 735 (7th Cir. 1999) ("Because a plaintiff's new complaint wipes away prior pleadings, the amended complaint opens the door for defendants to raise new and previously unmentioned affirmative defenses."). And, "a plaintiff who expands the scope of his claim will not be heard to complain when the defendant responds by expanding the scope of his counterclaim." *Video Tech., Ltd. v. Apple Computer, Inc.*, 1987 WL 10983, *2 (N.D. Ill. May 11, 1987) (citations omitted).

Here, Plaintiff HK USA's original complaint was a single count for breach of contract. (See Compl. At Docket No. 1-1.)  In Plaintiffs' Amended Complaint, Plaintiffs assert new claims for tortious interference with business relations, fraud, and unfair competition, as well as multiple intellectual property claims.[1] Plaintiffs clearly have "change[d] the scope of this case." *Fausset*, 2010 WL 1212085 at *4. Thus, Defendants are entitled to answer in kind, asserting counterclaims and third-party claims as a matter of right that address Plaintiffs' new claims.

**B.     Defendants Were Entitled to Implead Third Parties when Responding to the Amended Complaint**

Defendants properly impleaded third parties as of right under Fed.R.Civ.P. 14(a). Leave is required only if impleading parties more than 14 days after defendants serve their original answer. *Id.* As set forth above, Plaintiffs' filing of the Amended Complaint "wipes away prior pleadings," entitling Defendants to answer anew. *Massey*, 196 F.3d at 735. As Defendants are answering anew, Defendants' Answer constitutes its "original answer" for purposes of Fed.R.Civ.P. 14(a). *See, e.g., McDougald v. O.A.R.S. Companies, Inc.*, 2006 WL 997896, *2 (E.D. Cal. Apr. 17, 2006) *order clarified on other grounds*, 2006 WL 2091936 (E.D. Cal. July 26, 2006) ("Under a more nuanced, functional reading, the 'original answer' can be an answer to

---

[1] Plaintiffs claim that their Amended Complaint was for "two purposes," adding intellectual property claims and adding HK GmbH as a party. (Plaintiffs' Brief, at 4-5). Plaintiffs neglect to mention that another purpose was to add a (flawed and dismissable) fraud claim. Perhaps recognizing the frailty of the fraud and intellectual property claims, Plaintiffs repeatedly refer to the case as if it continued to be nothing more than a breach of contract case. (Id., at 1, 13).

an amended complaint, so long as the basis for impleader is that which is new, i.e., 'original,' in the answer to the amended complaint."); *F.T.C. v. Capital City Mortg. Corp.*, 186 F.R.D. 245, 247 (D.D.C. 1999) (same); *Capodanno v. Premier Transp. & Warehousing, Inc.*, 2010 WL 1329938 (S.D. Fla. Mar. 29, 2010) (allowing impleader without leave of court where third amended complaint introduced factual basis for impleader for the first time); *c.f., Ez-Tixz, Inc. v. Hit-Tix, Inc.*, 1995 WL 77589, *6-7 (S.D.N.Y. Feb. 27, 1995) (denying impleader where no allegation of a substantial difference in amended complaint) (*citing In re "Agent Orange" Product Liability Litigation*, 100 F.R.D. 778, 780 (E.D.N.Y. 1984), *overruled on other grounds*, 635 F.2d 987 (1980), *cert. denied*, 454 U.S. 1128 (1981); *United National Ins. Corp. v. Jefferson Downs Corp.*, 220 F.R.D. 456, 458 (M.D.La. 2003) (denying impleader where timing of impleader was due to insurance policy provision and not new claims asserted in amended counterclaims); *Reynolds v. Rick's Mushroom Service, Inc.*, 2003 WL 22741335, *4 (E.D.Pa. 2003); *Guarantee Co. of North America v. Pinto*, 208 F.R.D. 470, 473 (D.Mass. 2002); *Ahern v. Gaussoin*, 104 F.R.D. 37, 39 (D.Or. 1984) ("The second amended complaint did not change the need for impleader, however, and third-party plaintiffs may therefore implead [a third-party defendant] only with leave of the court.").

Plaintiff Heckler & Koch, Inc. ("HK USA") moved for leave to add a new party, Heckler & Koch GmbH ("HK GmbH"), and to file an amended complaint on February 10, 2012. (Docket No. 35.)  Notably, it was in Plaintiff HK USA's own briefings in support of its own proposed amendments that revealed the fraudulent conduct set forth in Defendants' counterclaim. (Docket No. 39.)  The court granted Plaintiff HK USA's motion on May 10, 2010 (Docket No. 44) and Plaintiffs filed their Amended Complaint on May 22, 2010.  (Docket No. 45.)  In that complaint, Plaintiffs expanded the scope of this case well beyond their original claim for breach of contract, thereby entitling Defendants to implead new parties as a matter of right.

### C.      The Court's Scheduling Order is not a *Per Se* Bar to Filing an Answer

Plaintiffs assert that Defendants' new claim cannot be pled without their consent or the court's leave because the deadline to *amend* pleadings passed. As set forth above, Defendants' Answer is an *original* answer to the Amended Complaint; there is no "amendment" involved.[2] That Defendants were entitled, indeed required, to file a response or an answer to Plaintiffs' Amended Complaint, however, should go without saying. Plaintiffs had asserted new claims for tortious interference and fraud, as well as various intellectual property claims. Though Plaintiffs' Amended Complaint contained only a hazy outline of factual material, Defendants nonetheless were entitled to respond to that material. In *Unigene Laboratories, Inc. v. Apotex, Inc.*, the Southern District of New York denied the defendants' attempt to add affirmative defenses, while noting that the scheduling order is not a *per se* bar to the addition of new claims:

> Plaintiffs assert that all defenses/claims raised for the first time in the answer to the amended complaint violate the scheduling order and should be stricken; this argument overlooks the fact that the scheduling order pre-dates the Court's decision to grant Plaintiffs' request to amend the complaint in light of the reissued patent…Thus, the scheduling order does not constitute a *per se* bar to the addition of new claims via the answer to the amended complaint.

2010 WL 2730471, *5 (S.D.N.Y. July 7, 2010) *aff'd*, 655 F.3d 1352 (Fed. Cir. 2011) *cert. denied*, 132 S. Ct. 1755 (U.S. 2012) (*citing GSI Group, Inc.*, 2007 WL 757819 at *2).

Here, the court granted Plaintiffs' motion to file an amended complaint. Plaintiffs' Amended Complaint entitled Defendants to respond to the allegations and raise new counterclaims and affirmative defenses as of right. Furthermore, Defendants were entitled to implead third parties based on this new original answer. Thus, allowing Defendants' Answer in

---

[2] Defendants' use of the word "amended" in the title of Defendants' Answer was inadvertent, resulting from the fact that had Defendants' Motion in Opposition to Plaintiffs' Motion to Amend succeeded on futility grounds (Docket No. 38), leave of court would have been required. Because the futility motion was denied, Defendants' filing became a matter of right as set forth herein, Defendants' Answer is an original answer to the Amended Complaint, and any use of the word "amended" to refer to Defendants' Answer is incorrect and should be disregarded.

its entirety without leave of court is in complete harmony with Fed.R.Civ.P. 16(b). The original pleading deadline does not constitute a bar to Defendants' responsive pleading and impleader.

Finally, at a scheduling conference on May 17, 2012 in which Defendants' counsel indicated that Defendants would be adding new claims and parties, Plaintiffs communicated that they were not likely to contest Defendants' filing, specifically including fraud claims, except on the merits. *See, e.g., Larson v. United Natural Foods W., Inc.*, 2010 WL 3402226, *1 (D. Ariz. Aug. 26, 2010) ("Plaintiff claims that based on discussions at the case management conference…he reasonably believed that Defendant consented to the filing of the amended complaint.") Plaintiffs' objection now merely adds undue delay to the case. Regardless, no rule of civil procedure imposed a duty upon Defendants' to obtain consent before filing.

## III.   PLAINTIFFS' MOTION TO STRIKE / MOTION TO DISMISS SHOULD BE DENIED IN ITS ENTIRETY

Plaintiffs have filed a motion "pursuant to Federal Rule of Civil Procedure 12(f)." (Docket No. 57, hereinafter "Motion to Strike"). However, Plaintiffs motion must be denied for failure to offer even a single reason why Fed.R.Civ.P. 12(f) should be applied to Defendants' counterclaims and third-party claims. *Crowder v. Foster Wheeler, LLC*, 265 F.R.D. 368, 370 (S.D. Ind. 2009) ("However, Foster Wheeler has failed to address why Rule 12(f) should be applied in order to strike this portion of Plaintiffs' Complaint.") Furthermore, motions to strike under Fed.R.Civ.P. 12(f) "are disfavored because they potentially only serve to delay." *Id.* (*citing Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989)). As Plaintiffs' fail to cite even a single applicable provision of Fed.R.Civ.P. 12(f) in either Plaintiffs' Motion to Strike or their brief in support (Docket No. 58, hereinafter, "Plaintiffs' Brief"), Plaintiffs appear to have interposed this motion solely to delay their response to Defendants' counterclaims. Defendants request the entry of an order denying Plaintiffs' motion as soon as practicable to enable this case to proceed.

### A.   None of the Bases for a Fed.R.Civ.P. 12(f) Motion to Strike Apply to Defendants' Counterclaims or Third-Party Claims

Fed.R.Civ.P. 12(f) permits the court only to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." In the absence of any claim of redundant, immaterial, impertinent, or scandalous matter, the only remaining rationale for striking a portion of a pleading is "that it qualifies as an 'insufficient defense.'" *Crowder*, 265 F.R.D. at 370. And by referring to an "insufficient *defense*," the rule means an "insufficient affirmative defense." *Id.* (*citing Murray v. Conseco, Inc.*, 2009 WL 1357235 (S.D.Ind. 2009)). Rather than even attempting to explain how Defendants' *counterclaims* or third-party *claims* fit within the scope of insufficient affirmative *defenses* under Fed.R.Civ.P. 12(f), Plaintiffs instead repeatedly refer to Fed.R.Civ.P. 14, 15, and 16 and then conclude with an argument under a Fed.R.Civ.P. 12(b)(6) motion to dismiss standard.

As set forth above, Defendants' answer, counterclaims, and third-party claims were entirely appropriate under the Federal Rules of Civil Procedure, including Fed.R.Civ.P. 14, 15, and 16.[3] Plaintiffs expanded the scope of this case through their filing of the Amended Complaint. Now, in hindsight, Plaintiffs appear to wish that they had not themselves expanded the scope of the claims or revealed their fraudulent conduct.

### B.   Defendants' Answer, Counterclaims, and Third-Party Claims are not Subject to a Futility Motion

As set forth above, Defendants fully complied with the Federal Rules of Civil Procedure. Defendants were not required to seek leave of court. Thus, Defendants' answer, counterclaims, and third-party claims are "live" and not subject to a futility motion. Therefore, Plaintiffs' argument under a Fed.R.Civ.P. 12(b)(6) standard must be treated as a motion to dismiss.

---

[3] Plaintiffs' failure to appreciate Defendants' compliance with the Federal Rules of Civil Procedure does not warrant such false claims as being "relieved from obligations under the rules" (Plaintiffs' Brief, at 5) and that "[i]t is undisputed that defendants did not comply with these rules." (Plaintiffs' Brief, at 7).

Under Fed.R.Civ.P. 12(b)(6), claims are subject to dismissal *only* for failure to state a claim upon which relief can be granted. To state a claim, however, the complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The Supreme Court has interpreted Fed.R.Civ.P. 8(a)(2) "to impose two easy-to-clear hurdles." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). "First, the complaint must describe the claim in sufficient detail to give the defendant 'fair notice of what the ... claim is and the grounds upon which it rests.'" *Id.* (*quoting Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545 (2007)). "Second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a "speculative level"; if they do not, the plaintiff pleads itself out of court." *Concentra Health Services*, 496 F.3d at 776 (*citing Twombly*, 550 U.S. at 555, 569 n. 14).

### 1.    Defendants Have Pled a Claim for Fraud Sufficiently

Fraudulent inducement occurs when a party is induced through fraudulent misrepresentations to enter into a contract. *Am.'s Directories Inc., Inc. v. Stellhorn One Hour Photo, Inc.*, 833 N.E.2d 1059, 1068 (Ind. Ct. App. 2005) (*citing Lightning Litho, Inc. v. Danka Industries, Inc.,* 776 N.E.2d 1238, 1241 (Ind. Ct. App. 2002), *trans. denied* (2003); *Circle Centre Dev. Co. v. Y/G Indiana, L.P.*, 762 N.E.2d 176, 178–79 (Ind. Ct. App. 2002)).

To plead a claim for fraud, ATI and GSG must allege that HK USA made "(1) a material representation of past or existing fact (2) that was untrue and known to be untrue, or else recklessly made, and (3) [ATI and GSG] did in fact rely on the representation, (4) which proximately caused it to suffer injury." *Circle Ctr.*, 762 N.E.2d at 179; *Prall v. Indiana Nat'l Bank,* 627 N.E.2d 1374, 1378 (Ind. Ct. App. 1994).  In *AmCan Enterprises, Inc. v. Renzi*, during negotiations of a consent decree, a yellow pages publisher concealed from its opponent that it had assigned, or attempted to assign, the allegedly infringing mark that its opponent intended to

8

use. 32 F.3d 233, 235 (7th Cir. 1994). Before remanding to the district court, Chief Judge Posner declared, "If American Yellow Pages had no reason to suspect such conduct and would not have signed the decree had it known about it, then AmCan was guilty of fraud and the decree was properly set aside." *Id.* (remanding the case and concluding, "[b]ut these are big 'ifs.'") (*citing Metlyn Realty Corp. v. Esmark, Inc.,* 763 F.2d 826, 831–33 (7th Cir. 1985); *Bandai America Inc. v. Bally Midway Mfg. Co.,* 775 F.2d 70, 73–74 (3d Cir. 1985)).

Defendants have pled that Plaintiffs "materially misrepresented to GSG and ATI, at the Mediated Settlement Conference, in the Settlement Agreement, and otherwise" that HK USA owned trademark and trade dress rights. (Defs.' Answer at 31.)  In other words, contrary to Plaintiffs' brief, the recitals of the contract are not the only instance of HK USA's misrepresentations. And even if the recitals where the only instance, it would not absolve Plaintiffs of their misrepresentations. Under Indiana law, "[p]arties to an agreement are estopped from denying the recitals contained therein." *Banner Aircraft Resales, Inc., v. Aspen Jet Sales, Inc.*, 972 F.2d 351 (7th Cir. 1992) (*citing Matter of Pubs Inc. v. Bank of Illinois in Champaign,* 618 F.2d 432, 438 (7th Cir. 1980)). In one case, the Seventh Circuit found a contract recital to be dispositive of a fact, contrary to statements made at trial. *Taurus Holding Co. of Am., Inc. v. Thompson*, 129 F.3d 1268 (7th Cir. 1997) (adopting district court opinion by McKinney, J.).[4] In *Taurus*, the court denied a claim for fraud on the grounds that plaintiff's statement in two contracts that it was "engaged in the business of selling scientific and rare earth metals and precious gemstones" precluded it from later claiming that "they were so inexperienced in such matters" such that they were forced to rely on the Defendant's representations. *Id.* at *36.

---

[4] The Seventh Circuit decision in *Taurus Holding* is unpublished and is not to be cited as binding precedent pursuant to former Seventh Circuit Rule 53(b)(2)(iv), now Rule 32.1(b). Defendants cite *Taurus Holding* as a district court decision for its persuasive value. *See, e.g., Nelson v. Ipalco Enterprises, Inc.*, 2005 WL 1924332, *5 n.3 (S.D. Ind. Aug. 11, 2005) ("The Seventh Circuit's adoption of Judge McKinney's decision provides a convenient source for locating his decision.")

Furthermore, Plaintiffs confuse the issues of *contract interpretation* with *fraudulent inducement*. Plaintiffs' citations address the former; Plaintiff offers no citations addressing the latter. And even then, Plaintiffs' citations do not support its position. As Defendants demonstrated repeatedly in their Reply in Support of Defendants' Motion to Dismiss Amended Complaint (Docket No. 55), Plaintiffs once again have misrepresented the holding of a case. Contrary to Plaintiffs' brief, *Stech v. Panel Mart* does not stand for the proposition that "These recitals merely set the stage for the parties' agreement explaining what controversy led to the parties' agreement to follow and they lack substantive legal effect." (Plaintiffs' Brief, at 9). In fact, after finding the operative portions of the agreement ambiguous, the *Stech* court held, "It is therefore necessary and proper to examine the recitals in order to ascertain the intention of the parties." 434 N.E.2d 97, 101 (Ind. Ct. App. 1982) (emphasis added). In fact, Plaintiffs' own argument contradicts their position. (Plaintiffs' Brief at 9-10.)  Regardless, this is an allegation of fraud, not contract interpretation.

Moreover, none of that matters at the pleading stage. The only question is the sufficiency of Defendants' pleading. Plaintiffs represented in the Amended Complaint from the prior litigation and in the Settlement Agreement that they owned a federal trademark registration and related trade dress. (Docket No. 45-1, Exhibit A to Amended Complaint, "Settlement Agreement", p. 1 ¶¶ 3, 6.)  As Plaintiff HK USA would be estopped from denying those recitals, it follows that they can be considered representations by which HK USA is bound for purposes of a later claim of fraud. The representation was material, as the ownership of the intellectual property formed the basis for the prior litigation. Shockingly, the representation was false, as HK USA no longer owned the trademarks and putative trade dress after the Assignment of Registration that was executed on March 19, 2009. Defendants, at Paragraphs 54-60 of the counterclaims in Defendants' Answer, have pled a claim for fraud sufficient to survive a motion

to dismiss under Fed.R.Civ.P. 12(b)(6).

### 2.    Defendants Have Pled a Claim for Constructive Fraud Sufficiently

"Constructive fraud arises by operation of law when there is a course of conduct which, if sanctioned by law, would secure an unconscionable advantage, irrespective of the actual intent to defraud." *Mullen v. Cogdell*, 643 N.E.2d 390, 401 (Ind. Ct. App. 1994) (*citing Paramo v. Edwards*, 563 N.E.2d 595, 598 (Ind. Sup. Ct. 1990). To establish constructive fraud, the elements are "1) a duty existing by virtue of the relationship between the parties, 2) representations or omissions made in violation of that duty, 3) reliance thereon by the complaining party, 4) injury to the complaining party as a proximate result thereof, and 5) the gaining of an advantage by the party to be charged at the expense of the complaining party." *Mullen*, 643 N.E.2d at 401 (*citing Nestor v. Kapetanovic*, 573 N.E.2d 457 (Ind. Ct. App. 1991).

In a claim for constructive fraud, the law infers fraud from the relationship of the parties and the circumstances that surround them. *Id.* (*citing Comfax Corp. v. North American Van Lines*, 587 N.E.2d 118 (Ind. Ct. App. 1992). Usually found in cases of a fiduciary relationship, constructive fraud "may also arise where the relationship between the parties is that of buyer and seller." *Mullen v. Cogdell*, 643 N.E.2d 390, 401 (Ind. Ct. App. 1994) (distinguished on other grounds by *Hotmix & Bituminous Equip. Inc. v. Hardrock Equip. Corp.*, 719 N.E.2d 824, 828 (Ind. Ct. App. 1999)) (citing *Kirkpatrick v. Reeves*, 22 N.E. 139 (Ind. 1889); *Scott v. Bodor, Inc.*, 571 N.E.2d 313 (Ind. Ct. App. 1991) (where a seller makes unqualified statements in order to induce another to make a purchase, the buyer relies on those statements, and the seller has professed knowledge of the truth of the statements, a constructive fraud occurs); *Coffey v. Wininger*, 296 N.E.2d 154, 159 (Ind. Ct. App. 1973); *Smart & Perry Ford Sales, Inc. v. Weaver*, 274 N.E.2d 718, 721 (Ind. Ct. App. 1971). *Mullen* continues: "The law recognizes that in a buyer-seller relationship one party may be in the unique possession of knowledge not possessed

by the other and may thereby enjoy a position of superiority over the other. The relationship is therefore one which invokes a duty of good faith and fair dealing." 643 N.E.2d at 401.

Here, HK USA engaged in settlement negotiations with ATI, GSG, and Orion Arms. Defendants have alleged—indeed Plaintiffs have admitted—that Plaintiffs assigned the underlying rights from HK USA to HK GmbH over six months prior. As pled at Paragraphs 61 to 68 of the counterclaims in Defendants' Answer, HK USA represented falsely that it owned the underlying rights and concealed from Defendants the material fact of assignment to HK GmbH. ATI and GSG had no notice that the assignment had taken place. Clearly, HK USA secured an unconscionable advantage in the settlement negotiations, irrespective of the actual intent to defraud. Therefore, Defendants have properly pled a claim for constructive fraud.

### C.    Defendants Have Pled a Claim for Damages Due to Deception Properly Under the Indiana Crime Victims' Compensation Act

Count III of Defendants' Counterclaims seeks damages under the Indiana Crime Victims' Compensation Act ("CVCA"), Indiana Code Ann. § 34-24-3-1, for the act of deception as defined at Indiana Code Ann. § 35-43-5-3(a). "A criminal conviction is not a condition precedent to recovery under [the CVCA]. Rather, the claimant merely must prove each element of the underlying crime by a preponderance of the evidence." *Klinker v. First Merchants Bank, N.A.*, 964 N.E.2d 190, 193 (Ind. 2012) (internal citations omitted). Thus, contrary to Plaintiffs' statement, there is no "threat to hold individuals *criminally* liable." (Plaintiffs' Brief, at 13.) More importantly, Plaintiffs do not even begin to explain how Defendants have failed to state a plausible claim for relief. Indeed, Plaintiffs make their arguments in a section intended to impugn Defendants' motives. (Plaintiffs' Brief, at 13, "Improper motive and vexatious litigation.") Defendants, at Paragraphs 69 to 72 of the counterclaims in Defendants' Answer, properly pled a deception claim under the Indiana CVCA.

## IV.   DEFENDANTS' COUNTERCLAIMS AND ADDING MR. WEBER AND MR. ILHOFF AS THIRD-PARTY DEFENDANTS CAUSES NO PREJUDICE OR DELAY

Defendants properly have stated claims for fraud, constructive fraud, and for civil liability for deception. With respect to HK USA and HK GmbH, corporations can act only through their agents. On information and belief, Mr. Weber and Mr. Ilhoff are the respective agents for their corporations. Any discovery related to HK USA and HK GmbH necessarily will include discovery related to the third-party claims against Mr. Weber and Mr. Ilhoff. There is no basis for Plaintiffs to claim delay under these circumstances.

By combining futility arguments with a motion to strike, Plaintiff apparently seeks two bites at the apple. (Plaintiffs' Brief at 13 ("Although the full extent of legal and factual deficiencies in these individual claims is reserved for an appropriate time…").) As Defendants are not seeking to amend, Plaintiff should not be permitted to argue futility. To the extent that Plaintiffs have done so or attempt so to do, those arguments should be disregarded by the court. To the extent that Plaintiffs have attempted to dismiss Defendants' counterclaims and third-party claims for failure to state a claim under Fed.R.Civ.P. 12(b)(6), their motion should likewise be denied.

## V.   CONCLUSION

As set forth above, Plaintiffs' Motion to Strike Amended Counterclaims and Third-Party Complaint must be denied in its entirety. Plaintiffs' requested relief, taking the Amended Complaint and Defendants' answer thereto, combined with Defendants' prior counterclaims and Plaintiff HK USA's answer thereto, is a form of pleading sausage-making that has no basis in law. (Docket No. 57-1, Plaintiffs' Proposed Order Granting HK Plaintiffs' Motion to Strike Amended Counterclaims and Third-Party Complaint). Rather, Plaintiffs' Amended Complaint "wipe[d] away all prior pleadings." *Massey*, 196 F.3d at 735.

Defendants respectfully request this Court to deny Plaintiffs' Motion to Strike Amended

Counterclaims and Third-Party Complaint, including by denying Plaintiffs' motion to dismiss, in

its entirety.

Dated:  August 16, 2012

_s/Douglas B. Bates_____
Douglas B. Bates
Supreme Court No. 16355-10
STITES & HARBISON, PLLC
323 East Court Avenue
Jeffersonville, IN 47130
Telephone:  (812) 282-7566


*Admitted pro hac vice:*
Jason M. Sneed, Esq.
Charles M. Landrum III, Esq.
SNEED PLLC
610 Jetton St., Suite 120-107
Davidson, North Carolina 28036
704-779-3611 (tel)
JSneed@SneedLegal.com
CLandrum@SneedLegal.com

*Attorneys for Defendants /*
*Counterclaimants / Third–Party Plaintiffs*
*American Tactical Imports, Inc. and*
*German Sport Guns GmbH*

<u>CERTIFICATE OF SERVICE</u>

       I hereby certify that on August 16, 2012, a copy of the foregoing document was filed electronically.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

Darlene R. Seymour             Jonathan G. Polak
dseymour@ce-ip.com        Tracy N. Betz
                                   M. Zach Gordon
                                   TAFT STETTINIUS & HOLLISTER LLP
                                   jpolak@taftlaw.com
                                   tbetz@taftlaw.com
                                   zgordon@taftlaw.com

                                   s/Douglas B. Bates
                                   Douglas B. Bates

77588:2:JEFFERSONVILLE