UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

HECKLER & KOCH, INC., )
      Plaintiff, )
      )
   vs. ) 1:11-cv-1108-SEB-TAB
      )
GERMAN SPORT GUNS GMBH et al., )
      Defendants. )

**ORDER ON PLAINTIFF'S REQUEST FOR ADDITIONAL DEPOSITION TIME**

Plaintiff's counsel is scheduled to take six depositions in Germany between September 25 and 27. The deponents primarily speak German and require an interpreter. Plaintiff asserts that the use of an interpreter will slow the pace of the depositions, and therefore has requested relief from the seven-hour time limitation imposed by Federal Rule of Civil Procedure 30(d)(1).[1] Specifically, Plaintiff seeks to enlarge the seven-hour limitation by three hours per deponent. Defendants object. For the reasons below, Defendants' objection is sustained.

Plaintiff asserts that three additional hours per deposition is necessary because the deponents speak German and counsel for both parties speak English. This will require questions, objections, and exhibits to be translated and likely repeated. Under Federal Rule of Civil Procedure 30(d)(1), "the court must allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." Plaintiff cites *General Electric Co. v.*

---

[1] Plaintiff raised this issue with the Court by way of an informal letter. Plaintiff copied Defendants with this letter, and Defendants responded to these issues also by way of a letter.

1

*SonoSite, Inc.*, No. 07-C-273-C, 2008 WL 4062098, at *2 (W.D. Wis. Jan. 22, 2008), and *Shu Jin v. Pacific Buffet House, Inc.*, No. CV-06-579, 2007 WL 4730942, at *1 (E.D.N.Y. May 17, 2007), as examples of cases in which courts have found translation of deposition questions to impede or delay an examination.

While ordinarily such a request would appear reasonable, Defendants identify several compelling reasons to deny Plaintiff's request.  Defendants point out that they previously agreed to Plaintiff's request to allow each side to take two additional depositions beyond the ten deposition limit under Rule 30(a)(2)(A)(i).  Thus, Plaintiff has already been permitted to expand the limitations placed on depositions.  With six depositions remaining, Plaintiff's request for three additional hours per deponent would result in eighteen additional hours of depositions.  Nothing before the Court suggests that these witnesses are so vital to the case that additional time is necessary, and Plaintiff does not identify any reason particular to any of the six deponents that truly requires additional deposition time.  On the contrary, Plaintiff already deposed Michael Swoboda, CEO of German Sport Guns, who is the GSG witness with the most information about GSG's activities relevant to this case.  Given that Defendants agreed to two additional depositions and Swoboda has been deposed, an additional eighteen hours of deposition time is unnecessary, unduly burdensome, and creates extraneous expense inconsistent with Rule 26(b)(2)(C).

While the cases cited in Plaintiff's letter enlarge the time limitation for depositions, those cases are dissimilar.  In *General Electric*, although the court opined that a delay in translation warranted a three-hour extension, the extension was limited to one witness.  2008 WL 4062098, at *2.  In *Shu Jin*, despite the use of a translator, the court concluded that defendant had adequate

time to depose the plaintiff, but granted defendant two hours of further examination because defendant was proceeding *pro se*. 2007 WL 4730942, at *1–2. Unlike these cases, Plaintiff seeks three additional hours of deposition time for six witnesses, and all parties are represented by able counsel. As noted, Plaintiff's request would result in eighteen additional hours of depositions, which is well beyond the two- and three-hour extensions in *General Electric* and *Shu Jin*.

Ultimately, Plaintiff's counsel should be able to anticipate any problems associated with the potential language barrier. Plaintiff's counsel can provide opposing counsel with an advanced translation of certain questions and exhibits, and should refrain from excessively long and compound questions. Plaintiff's counsel can also address any foreseeable disputes with opposing counsel prior to the deposition. While these steps may not resolve all delays associated with translation, they will function to limit any distractions or delays that may arise.

For the reasons above, Defendants' objection to Plaintiff's request for three additional hours of deposition time per witness is sustained.

Dated: 09/20/2012

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Neal F. Bailen
STITES & HARBISON, LLP
nbailen@stites.com

Douglas B. Bates
STITES & HARBISON, LLP
dbates@stites.com

Tracy Nicole Betz
TAFT STETTINIUS & HOLLISTER LLP
tbetz@taftlaw.com

Michael Zachary Gordon
TAFT STETTINIUS & HOLLISTER LLP
zgordon@taftlaw.com

Charles .M. Landrum III
JASON SNEED PLLC
610 Jetton St., Suite 120-107
Davidson, NC 28036

Bruce Benjamin Paul
STITES & HARBISON, LLP
bpaul@stites.com

Jonathan G. Polak
TAFT STETTINIUS & HOLLISTER LLP
jpolak@taftlaw.com

Darlene R. Seymour
dseymour@ce-ip.com

Jason M. Sneed
JASON SNEED PLLC
jsneed@sneedlegal.com