UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| HECKLER & KOCH, INC., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CASE NO. 1:11-cv-01108-SEB-TAB |
| ) | |
| GERMAN SPORT GUNS GMBH and ) | |
| AMERICAN TACTICAL IMPORTS, INC., ) | |
| ) | |
| Defendants. ) | |

**DISCOVERY ORDER**

This order addresses two motions pending before the Court. The first motion is Defendants' motion for limited stay of discovery. [Docket No. 174.] By way of this motion, Defendants seek to stay their obligation to produce any discovery documents. Although the Court already has ordered that Defendants produce these documents, Defendants assert their discovery obligations should be stayed due to Fifth Amendment protections (though they also assert Plaintiffs' discovery obligations should continue in full).

The basis for the Fifth Amendment argument is that Defendant German Sport Guns GmbH's CEO, Michael Swoboda, is facing criminal charges in Louisiana. Swoboda and the Defendants vehemently deny any wrongdoing, but nevertheless assert that based upon the Fifth Amendment protection against self incrimination Defendants' discovery obligations should cease pending resolution of the criminal proceedings. Plaintiffs oppose Defendants' stay request. [Docket No. 176.]

Defendants request for a stay is exceedingly broad. Swoboda is not a Defendant in this

action. Second, it is difficult to see how the criminal proceedings overlap with this civil case involving intellectual property rights. Third, the very real prejudice to the Plaintiffs in imposing a broad discovery stay of unknown duration far outweighs any potential, undefined prejudice to the Defendants.

This is not to suggest that the Court has any intention of giving the Fifth Amendment short shrift. Defendants may invoke the Fifth Amendment on a document-by-document basis, or a deposition-by-deposition (or question-by-question) basis. Obviously, if Swoboda is asked to give deposition testimony, or answer interrogatories under oath, that implicate the criminal charges he is facing, Fifth Amendment protections are triggered. Likewise, if Defendants are being asked to turn over documents in which Swoboda has made statements or taken positions that relate in any way to the criminal case against him, the Fifth Amendment again protects the disclosure. But Defendants' request for a sweeping discovery stay that would preclude them from giving Plaintiffs any information (while requiring full production from the Plaintiffs) simply goes too far.

Accordingly, Defendants' motion for limited stay of discovery [Docket No. 174] is granted in part and denied in part. The motion is granted to the extent that Defendants may invoke the Fifth Amendment on a document-by-document basis, or a deposition-by-deposition (or question-by-question) basis, to properly preserve Swoboda's Fifth Amendment rights. The motion is denied, however, to the extent that Defendants seek to stay all of Defendants' discovery obligations pending resolution of the criminal charges against Swoboda.

The second motion pending before the Court is Defendants' motion for clarification. [Docket No. 173.] Plaintiffs join in this motion. [Docket No. 175.] The motion seeks to clarify

2

this Court's January 14, 2013, order [Docket No. 143], which stayed the Court's December 28, 2012, order on Defendants' motion to compel. The order also stated that the Magistrate Judge anticipated "setting this matter for a pretrial conference to address case management and settlement promptly after the ruling on the pending dispositive motions." [Docket No. 143 at 1.] What the Defendants' motion—filed April 30, 2013—seeks to clarify is whether the Court's January 14 order also stayed the April 30 dispositive motions deadline. It did not.

  The January 14 order makes no mention of the dispositive motions deadline. Rather, the order clearly stays the December 28, 2012, order on Defendants' motion to compel, which would have required production of significant discovery. With motions for reconsideration of the discovery order pending, as well as pending dispositive motions, it made little sense at that time to move forward with discovery. The motions for reconsideration have now been addressed, and the order resolving those motions expressly requires production within 14 days. Moreover, the Court stated in its January 14 order that the parties could proceed with discovery by agreement.

  So Defendants' motion to "clarify" is really a motion asking the Court to read something into a prior order that does not exist. The Court declines to do so. The Court recognizes that the various discovery disputes and production delays could impact the ability to file a summary judgment motion. But this possibility does not permit the Court to "clarify" an order to mean something it never was intended to mean. If the parties want more time to file another round of dispositive motions, they can file a motion seeking this relief, or raise the issue at a scheduling conference. Filing a last-minute motion seeking a tortured "clarification" of an order misses the mark. And to be sure, this case would benefit from fewer motions being filed, not more, so any request to enlarge the dispositive motions deadline to allow for even more time to file even more

dispositive motions will be scrutinized.

In conclusion, as set forth above, Defendants' motion for limited stay of discovery [Docket No. 174] is granted in part and denied in part, and Defendants' motion for clarification [Docket No. 173] is denied.

Dated: 05/31/2013

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Neal F. Bailen
STITES & HARBISON, LLP
nbailen@stites.com

Douglas B. Bates
STITES & HARBISON, LLP
dbates@stites.com

Tracy Nicole Betz
TAFT STETTINIUS & HOLLISTER LLP
tbetz@taftlaw.com

Anne L. Cowgur
TAFT STETTINIUS & HOLLISTER LLP
acowgur@taftlaw.com

Michael Zachary Gordon
TAFT STETTINIUS & HOLLISTER LLP
zgordon@taftlaw.com

Charles .M. Landrum III
JASON SNEED PLLC
clandrum@sneedlegal.com

Bruce Benjamin Paul
STITES & HARBISON, LLP
bpaul@stites.com

Jonathan G. Polak
TAFT STETTINIUS & HOLLISTER LLP
jpolak@taftlaw.com

Darlene R. Seymour
dseymour@ce-ip.com

Jason M. Sneed
JASON SNEED PLLC
jsneed@sneedlegal.com