UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| HECKLER & KOCH, INC., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | 1:11-cv-1108-SEB-TAB |
| | ) | |
| GERMAN SPORT GUNS GMBH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON CONTINENTAL'S AND MOSTELLER'S MOTION
FOR PROTECTIVE ORDER**

**I.     Introduction**

Defendants served a subpoena on Denise Mosteller requiring her to appear for a deposition and produce numerous documents. [Docket No. 126-1.] Mosteller is the director of investigations for Continental Enterprises, a business that investigates intellectual property infringement and that Plaintiffs hired to assist with certain aspects of this litigation. Continental objected to producing documents for subpoena requests one, six, and seven on the basis that they are overly broad, seek irrelevant documents, and are unduly burdensome. Although it is unclear the extent that the parties conferred about these objections, as a compromise to Defendants' requests Continental pulled approximately 118 case files, excluding privileged documents, for Defendants to inspect at Continental's office and to be copied at Defendants' expense. [Docket No. 126 at 8.] Defendants apparently rejected this offer and Continental and Mosteller seek a protective order against document requests one, six, and seven. Continental also objects to producing privileged documents.

The Court agrees that Defendants' requests are overbroad, seek irrelevant documents,

and implicate privileges. As more fully set forth below, the parties shall continue to confer in good faith about the scope of production, which requires Defendants to significantly narrow their requests. With respect to the method of production, Continental shall produce responsive documents as hard copies or in an agreed upon electronic format, and in either case shall be produced at Continental's expense. Accordingly, Continental's and Mosteller's motion for a protective order [Docket No. 125] is granted with respect to Defendants' overbroad requests and denied as to Continental's suggested method of production.

**II.     Discussion**

    *A.     Standard*

District courts have broad discretion in discovery matters. *Packman v. Chi. Tribune Co.*, 267 F.3d 628, 646 (7th Cir. 2001). "Although there is a strong public policy in favor of disclosure of relevant materials, Rule 26(b)(2) of the Federal Rules of Civil Procedure empowers district courts to limit the scope of discovery if 'the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive.'" *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002). Federal Rule of Civil Procedure 26(c)(1) also provides that:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending—or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding the disclosure or discovery . . . [and] forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters . . . .

*B.     Request One*

Request one seeks "[a]ny and all correspondence by and among You, on the one hand, and any third party, on the other hand, pertaining to the MP5 trademarks or alleged trade dress for MP5 firearms." [Docket No. 126-1 at 7.] This request is overbroad. Many of the documents that this request seeks include irrelevant matters. Accordingly, Defendants shall confer with Continental in good faith and narrow their request. At minimum, Defendants shall narrow their request to correspondence pertaining to the MP5 trademarks or alleged trade dress for MP5 firearms that are relevant to the claims in this case or the claims in the previous case that resulted in settlement.[1]

*C.     Request Six*

Request six seeks "[a]ny and all documents related to enforcement of or litigation involving the MP5 trademarks or alleged trade dress for MP5 firearms." [Docket No. 126-1 at 7.] This request is overbroad. Many of the documents that this request seeks include irrelevant matters. Continental has been working for Plaintiff for over six years and has opened over 100 files, some of which have resulted in extensive litigation. [Docket No. 126 at 6.] Additionally, Defendants' counsel, Jason Sneed, has participated in at least seven of those cases [*id.*], and therefore should have access to those documents. Plaintiffs also provided Defendants with a list of case names and numbers, which Defendants can access on PACER. [*Id.*] The Court finds Continental's approach to be reasonable.

The Court recognizes that discovery was likely conducted in many of the cases in which

---

[1] *Heckler & Koch, Inc. v. German Sports Guns GMBH*, No. 1:09-cv-00039-WTL-JMS (S.D. Ind. 2009).

Sneed was not counsel and many documents related to discovery are not available on PACER. But the cost and burden associated with revisiting discovery in numerous others cases, many of which may be irrelevant, is inconsistent with notions of proportionality. *See Kleen Prods. LLC v. Packaging Corp. of Am.*, No. 10-C-5711, 2012 WL 4498465, at *9 (N.D. Ill. Sept. 28, 2012) (explaining that Rule 26's proportionality test "empowers a court to limit the frequency or extent of discovery if it determines that the burden or expense of the proposed discovery outweighs its likely benefit or that it is unreasonably cumulative or duplicative."). Moreover, many of the documents produced in these other cases likely have been marked as confidential and produced subject to a protective order. Defendants can review the list of cases provided to them and if the docket in those cases suggest that specific documents are relevant, then Defendants may identify those documents and confer in good faith with Plaintiffs and Continental to obtain those documents. As to other documents that may be contained in Continental's files that only consist of investigations, the Court does not consider such files to be related to "enforcement," and in any event, would likely implicate attorney-client and work product privileges.

    D.    *Request Seven*

Request seven seeks "[a]ny and all documents related to criminal investigations involving alleged infringements or counterfeits of the MP5 trademarks or alleged trade dress for MP5 firearms." [Document 126-1 at 7. ] This request is overbroad. It is unclear how "any and all" criminal infringement cases are relevant to this case. Defendants do not dispute that this request is overbroad but assert that they are particularly interested in the criminal investigation by the Huntington County Prosecutor's Office. [Docket No. 137 at 7.] Apparently, Continental and HK USA informed that prosecutor's office about certain individuals allegedly criminally

selling air-soft guns that were similar to MP5 firearms. Defendants contend that "three months after HK USA assigned away the its [sic] MP5 trademark and trade dress rights, but before HK USA entered into the Settlement Agreement with Defendants, HK USA was misrepresenting to the Huntington County Prosecutor that HK USA still owned MP5 rights." [*Id.* at 8.] The Court agrees that documents that Continental gave to the prosecutor's office are reasonably calculated to lead to admissible evidence for Defendants' fraud and unfair competition claims.

Continental also objects to producing documents related to criminal investigations for a variety of privilege based reasons. First, Continental asserts that those documents are "held in confidence according to the rules of criminal procedure." Continental, however, fails to cite or discuss any rule of criminal procedure. *See United States v. Elst*, 579 F.3d 740, 747 (7th Cir. 2009) ("Perfunctory and undeveloped arguments as well as arguments unsupported by pertinent authority are waived."). Therefore, this objection is overruled.

Second, Continental asserts that "any information exchanged with a prosecuting attorney would be subject to the work product privilege." Continental fails to cite or discuss any case or legal authority in support of its positions. *See id.* In any event, "[t]he attorney-client privilege covers conversations between the prosecutors (as attorneys) and client agencies within the government." *United States v. Zingsheim*, 384 F.3d 867, 872 (7th Cir. 2004). Continental is not a state or federal agency and nothing in the record suggests that Continental, a private business entity, or its employees were commissioned to conduct criminal investigations for the Huntington County Prosecutor's Office. This objection is overruled.

Third, Continental argues that "Mosteller does not have the power or authority to waive the prosecutor's privilege." Again, Continental cites no authority in connection with this

5

argument.  Nevertheless, Defendants are not requesting evidence directly in the prosecutor's possession.  Rather, Defendants are requesting copies of documents in Continental's possession.  As discussed, Continental is not an agent of the Huntington County Prosecutor's Office and cannot assert privilege on the prosecutor's behalf.  This objection is overruled.

Finally, Darlene Seymour contends that she was "informed that documents have been produced in response to the subpoena to the Huntington County Prosecutor." [Docket No. 144-1 at ¶ 11.]  This statement is unhelpful to the Court.  It fails to explain what documents were produced and who informed her that documents were produced.  Defendants' surreply does not state whether documents were produced, but asserts that the prosecutor claims that HK USA is a more convenient source for the responsive documents.  [Docket No. 149 at 2.]  Thus, it appears that Defendants have not received the requested documents.  As Defendants correctly point out, it is unfairly prejudicial to permit Continental "to demand that Defendants obtain the documents from the Huntington County Prosecutor while the Prosecutor objects on grounds that HK USA is a more convenient source." [*Id.*]

Accordingly, Defendants shall confer in good faith with Continental and narrow their request to relevant and specifically identified criminal investigations, such as the Huntington County Prosecutor's Office's criminal investigation.  The Court recognizes that such documents are potentially related to ongoing criminal investigations, but any documents produced in connection with request seven can be marked as confidential and handled consistent with the parties' protective order.

### E. Unduly burdensome

Continental also objects to producing any of the above documents because it is a small business with ten employees, it would be extremely costly to complete the task, and it would interrupt Continental's daily business activities. [Docket No. 126 at 6.] Continental, however, is not the typical non-party facing the burden of responding to a litigation request. Although a non-party, Continental has thrust itself into this litigation. Continental was specifically retained by Plaintiffs for investigative and enforcement purposes related to this case, and Plaintiffs retained Continental's in-house counsel to serve as counsel of record for Plaintiffs. As discussed in the Court's December 28, 2012, order, Continental is acting as Plaintiffs' agent. [Docket No. 136.] Moreover, Plaintiffs assert that many of the documents that Continental will produce are part of Plaintiffs' production. [Docket No. 137 at 4.] Accordingly, Plaintiffs can help Continental bear any burden or cost associated with responding to Defendants' requests.

Continental also claims that Defendants' request for documents in electronic format is unduly burdensome and would require copying eleven large boxes full of thousands of documents. The Court agrees that production in electronic format is unnecessary. Continental may choose to produce responsive documents either as hard copies or in an agreed upon electronic format. As discussed, Plaintiffs can help bear the burden and cost associated with this task. Additionally, production will not be as extensive as Continental anticipates. The Court has ordered Defendants to narrow several of its requests, and as Defendants point out, many of the case files contain irrelevant documents that need not be copied or produced. [Docket No. 137 at 5 n.2.] To the extent that Continental's files are not optimally organized so as to avoid sorting through boxes for responsive documents, that is an unfortunate consequence of litigation.

*United States v. DISH Network, L.L.C.*, No. 09-3073, 2010 WL 5463101, at *4 (C.D. Ill. Dec. 29, 2010) ("Just because materials are voluminous or difficult to compile, they are not unduly burdensome."). Continental's unduly burdensome objection is overruled.

### F. Privileged documents

Continental also objects to the production of documents on privilege grounds. Defendants claim that privilege should be waived because Continental has not produced a privilege log. The Court disagrees. Continental has produced at least two privilege logs. [Docket Nos. 75-2, 98-2.] It is not entirely clear whether those privilege logs cover document requests one, six and seven, but given Defendants' clearly overbroad discovery requests and Continental's objections it is unreasonable to have required Continental to create privilege logs for those requests. Once Defendants narrow their requests, Continental shall provide any additional privilege logs to Defendants along with its production of documents. Defendants should also consider that many of the documents in Continental's possession are also part of Plaintiffs' production and may be listed in Plaintiffs' privilege logs.

To the extent that Defendants assert that communications involving Continental or Mosteller are not privileged, the Court disagrees. With respect to Continental, the Court addressed this issue in its order on Defendants' motion to compel. [Docket No. 136 at 5.] Attorney-client privilege extends to third parties assisting an attorney in rendering legal services. *Jenkins v. Bartlett*, 487 F.3d 482, 490–91 (7th Cir. 2007). This includes "agents of the attorney, such as paralegals, investigators, secretaries and members of the office staff responsible for transmitting messages between the attorney and client, and to outside experts engaged 'to assist the attorney in providing legal services to the client,' such as accountants, interpreters or

polygraph examiners." *Id.* at 491. The same principles apply to the work product doctrine. *Sandra T.E. v. S. Berwyn Sch. Dist. 100*, 600 F.3d 612, 622 (7th Cir. 2010); *Underhill v. Coleman Co.*, No. 3:12-CV-129-JPG-DGW, 2012 WL 4388572, at *3 (S.D. Ill. Sept. 25, 2012).

As to Mosteller, she has occupied several roles at Continental, including investigator, legal assistant, and currently director of investigations. [Docket No. 126 at 2.] As noted, the documents contained in Continental's privilege logs are related to legal advice and this litigation. [Docket No. 136.] Thus, any documents listed in Continental's privilege logs [Docket Nos. 75-2, 98-2] involving Continental or Mosteller need not be produced. As noted, Continental may produce other privilege logs in response to Defendants' narrowed requests, and the Court will visit any objections to those privilege logs at that time.

### III. Conclusion

As set forth above, Continental's and Mosteller's motion for a protective order [Docket No. 125] is granted to the extent that they need not produce documents responsive to requests one, six, and seven in their currently overbroad format and denied as to Continental's suggested method of production. The parties shall continue to confer in good faith about the scope of these requests, which requires Defendants to significantly narrow their requests. With respect to the method of production, Continental shall produce responsive documents as hard copies or in an agreed upon electronic format, and in either case shall be produced at Continental's expense.

DATED: 05/31/2013

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

9

Copies to:

Neal F. Bailen
STITES & HARBISON, LLP
nbailen@stites.com

Douglas B. Bates
STITES & HARBISON, LLP
dbates@stites.com

Tracy Nicole Betz
TAFT STETTINIUS & HOLLISTER LLP
tbetz@taftlaw.com

Anne L. Cowgur
TAFT STETTINIUS & HOLLISTER LLP
acowgur@taftlaw.com

Michael Zachary Gordon
TAFT STETTINIUS & HOLLISTER LLP
zgordon@taftlaw.com

Charles .M. Landrum III
JASON SNEED PLLC
clandrum@sneedlegal.com

Bruce Benjamin Paul
STITES & HARBISON, LLP
bpaul@stites.com

Jonathan G. Polak
TAFT STETTINIUS & HOLLISTER LLP
jpolak@taftlaw.com

Darlene R. Seymour
dseymour@ce-ip.com

Jason M. Sneed
JASON SNEED PLLC
jsneed@sneedlegal.com