UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| HECKLER & KOCH, INC. and HECKLER & KOCH GMBH, <br><br> Plaintiffs/Counterclaim Defendants, <br><br> v. <br><br> GERMAN SPORT GUNS GMBH; and AMERICAN TACTICAL IMPORTS, INC., <br><br> Defendants/Counterclaimants, <br><br> AND <br><br> GERMAN SPORT GUNS GMBH; and AMERICAN TACTICAL IMPORTS, INC., <br><br> Third-Party Plaintiffs, <br><br> v. <br><br> G. WAYNE WEBER AND NIELS IHLOFF, <br><br> Third-Party Defendants. | Case No. 1:11-cv-01108-SEB-TAB |

**RESPONSE TO PLAINTIFFS' MOTION TO STAY**

Defendants German Sport Guns GmbH ("GSG") and American Tactical Imports, Inc. ("ATI") hereby respond to Plaintiffs' *Motion to Stay Production Required by May 31, 2013 "Order on Motions for Reconsideration."* (Doc. No. 182).

Timely objections filed pursuant to Rule 72 do not automatically render a magistrate judge's order invalid. *Lineback ex rel. N.L.R.B. v. Coupled Products, LLC*, 1:12-CV-85-RLM-RBC, 2012 WL 2504909 (N.D. Ind. June 28, 2012) (*citing* 12 C. Wright, A. Miller, and M. Kane*, Wright & Miller Fed. Prac. & Proc. Civ.* § 3069 (2d ed.) ("a timely objection [under

Rule 72] does not automatically render the magistrate judge's ruling invalid until the district court acts on the objection.")); *see also Esparza v. Bridgestone/Firestone, Inc.*, 200 F.R.D. 654, 657 (D. Col. 2001) (finding that allowing a Rule 72 objection to act as a stay would allow parties to "use the objection process simply as a device to further delay discovery and to derail the preparation of a case for trial, regardless of the merits of the objection."); J. Moore, *Moore's Federal Practice* § 72.10[4] ("the filing of an objection does not automatically stay operation of the order. Decisions by a magistrate judge on nondispositive matters are effective unless overturned by a district judge."). As suggested by *Esparza*, this Court should weigh the "merits of the objection" before issuing a stay. 200 F.R.D. at 657.

Plaintiffs' lone citation in support of their request for a stay is *Stout v. Illinois Farmers Ins. Co.*, 150 F.R.D. 594, 613 (S.D. Ind. Aug. 31, 1993) *aff'd*, 852 F. Supp. 704 (S.D. Ind. Mar. 24, 1994). In that case, the Magistrate **stayed his own order** to provide time for objections to be filed, not a permanent stay until the order was affirmed, which took an additional seven months. Here, by contrast, the Magistrate specifically considered and rejected the necessity of a stay, noting that "a pending motion to dismiss does not typically warrant a stay of discovery." (Doc. No. 179, at 11). Particularly with respect to the Court's finding that the crime-fraud exception applies in this case, the Court should not entertain a rehash of Plaintiffs' prior request to stay discovery on this issue. With regard to the remainder of Plaintiffs' objections, Plaintiffs clearly failed to provide adequate factual support and waived arguments by not raising them on the briefings in the underlying motion to compel. It is simply too late to correct such errors and the objections respecting those arguments are without merit.

And, if the Court ultimately upholds any of Plaintiffs' objections, Rule 26(b)(5)(B) provides an adequate mechanism for the return or destruction of documents which the Magistrate

has ordered Plaintiffs to produce. Staying the Magistrate's order merely allows Plaintiffs to "use the objection process simply as a device to further delay discovery." *Esparza*, 200 F.R.D. at 657.

The Court should deny Plaintiffs' request for a stay.

Dated: June 21, 2013

                                        s/Douglas B. Bates
Douglas B. Bates (Supreme Court No. 16355-10)
Neal Bailen (Supreme Court No. 26246-53)
Bruce B. Paul (Supreme Court No. 25731-10)
STITES & HARBISON, PLLC
323 East Court Avenue
Jeffersonville, IN  47130
Telephone:   (812) 282-7566
dbates@stites.com
nbailen@stites.com
bpaul@stites.com

Jason M. Sneed *(admitted pro hac vice)*
Charles M. Landrum III *(admitted pro hac vice)*
SNEED PLLC
610 Jetton St., Suite 120-107
Davidson, NC  28036
Telephone:  (704) 779-3611
jsneed@sneedlegal.com
clandrum@sneedlegal.com

COUNSEL FOR DEFENDANTS/COUNTERCLAIMANTS, GERMAN SPORT GUNS GMBH AND AMERICAN TACTICAL IMPORTS, INC.

CERTIFICATE OF SERVICE

      I hereby certify that on June 21, 2013, a copy of the foregoing document was filed electronically.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

| | |
|---|---|
| Darlene R. Seymour<br>dseymour@ce-ip.com | Jonathan G. Polak<br>Tracy N. Betz<br>M. Zach Gordon<br>Ann L. Cowgur<br>TAFT STETTINIUS & HOLLISTER LLP<br>jpolak@taftlaw.com<br>tbetz@taftlaw.com<br>zgordon@taftlaw.com<br>acowgur@taftlaw.com |

                                              s/Douglas B. Bates
                                              Douglas B. Bates

80641:2:JEFFERSONVILLE