UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| HECKLER & KOCH, INC. and HECKLER & KOCH GMBH, <br><br>　　Plaintiffs/Counterclaim Defendants, <br><br>　　v. <br><br>GERMAN SPORT GUNS GMBH; and AMERICAN TACTICAL IMPORTS, INC., <br><br>　　Defendants/Counterclaimants, <br><br>AND <br><br>GERMAN SPORT GUNS GMBH; and AMERICAN TACTICAL IMPORTS, INC., <br><br>　　Third-Party Plaintiffs, <br><br>　　v. <br><br>G. WAYNE WEBER AND NIELS IHLOFF, <br><br>　　Third-Party Defendants. | Case No. 1:11-cv-01108-SEB-TAB |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION
FOR LEAVE TO TAKE ADDITIONAL DEPOSITIONS**

Defendants German Sport Guns GmbH ("GSG") and American Tactical Imports, Inc. ("ATI"), by and through their counsel, hereby respond to the motion of Plaintiffs Heckler & Koch, Inc. ("HKI") and Heckler & Koch GmbH ("HKG") seeking leave to take additional depositions. (Doc. No. 196, hereinafter "Motion"). As set forth below, Defendants do not oppose Plaintiffs' request to take their 13th, 14th and 15th depositions provided that Defendants also are allowed to take up to 15 depositions. Moreover, Defendants do not generally object to the authenticity of documents produced pursuant to subpoenas issued by Plaintiffs, but they do

1

object to the admissibility of non-parties' documents, as such materials may not constitute business records, may not be reliable, and cannot be evaluated except on a case-by-case basis.

### A. Defendants Do Not Object to Authenticity of Non-Parties' Production Materials

Defendants' objection rests with admissibility, not with authentication. In fact, stipulating as to the authenticity of documents produced in response to a subpoena is unnecessary. *Schmutte v. Resort Condominiums Int'l, L.L.C.*, 1:05-CV-0311-LJM-WTL, 2006 WL 3462656 (S.D. Ind. Nov. 29, 2006) ("When a party has produced the document in question in response to a subpoena or discovery request, he has implicitly authenticated the document.") (*citing United States v. Lawrence*, 934 F.2d 868, 871-72 (7th Cir. 1991); *In re Greenwood Air Crash*, 924 F.Supp. 1511, 1514 (S.D.Ind. 1995)). Thus, the only presumably valid reason set forth in the Plaintiffs' Motion seeking leave to take three additional depositions is to establish a foundation that documents are admissible records of a regularly conducted activity pursuant to Fed.R.Evid. 803(6).

### B. Defendants Object and Reserve Their Right to Object to Admissibility of Non-Parties' Production Materials

Not only will Defendants not agree to such a wholesale waiver of the hearsay rule apparently sought by Plaintiffs, but Defendants also *cannot* do so. **The documents do not belong to Defendants;** Defendants are not "the custodian or another qualified witness" in a position to make such certification. Defendants do not know what is contained in every document produced by the three subpoenaed entities, or when any alleged record was made, or whether the record was kept in the course of a regularly conducted activity of the subpoenaed entity, or whether making the record was a regular practice of that activity, all requirements of Fed.R.Evid. 803(6). Moreover, Plaintiffs have represented that they are seeking additional documents from the financial institution, HSBC. In other words, Plaintiffs seek a stipulation as to hypothetical documents that HSBC might produce later. As to Blue August, LLC, Defendants

are not aware of any documents produced by the firm that would qualify as business records.[1] Plaintiffs apparently believe that if a document is produced by a "business," it must be a "business record." Fed.R.Evid 803(6) is not so broad.

Plaintiffs claim that "it would be easier to establish the documents' authenticity and admissibility if Defendants would simply so stipulate." (Motion, at 2 ¶7). Certainly, admission of hearsay is always easier when another party stipulates; otherwise, it is prohibited. Nevertheless, Defendants are amenable to this Court's granting leave for Plaintiffs to take three additional depositions (their 13th, 14th and 15th depositions) via written questions pursuant to Rule 31, bringing Plaintiffs' total number of depositions to 15, **provided that the Court grant Defendants leave to take a total of 15 depositions under Rules 30 or 31.**

Dated: August 26, 2013

                                                                   s/Douglas B. Bates
Douglas B. Bates (Supreme Court No. 16355-10)
Neal Bailen (Supreme Court No. 26246-53)
Bruce B. Paul (Supreme Court No. 25731-10)
STITES & HARBISON, PLLC
323 East Court Avenue
Jeffersonville, IN 47130
Telephone: (812) 282-7566
dbates@stites.com
nbailen@stites.com
bpaul@stites.com

---

[1] Defendants' counsel SNEED PLLC represents Blue August, LLC ("Blue August"), a public relations firm, with respect to that company's attempts to satisfy Plaintiffs' demands with respect to the defective subpoena served on it by Plaintiffs. Over five months ago, Plaintiffs requested that Blue August stipulate to the admissibility, in this litigation, of documents produced by Blue August. Blue August, however, has no capacity to stipulate to admissibility matters in the underlying litigation, even if it is represented by Defendants' counsel

Jason M. Sneed *(admitted pro hac vice)*
Charles M. Landrum III *(admitted pro hac vice)*
SNEED PLLC
610 Jetton St., Suite 120-107
Davidson, NC 28036
Telephone: (704) 779-3611
JSneed@SneedLegal.com
CLandrum@SneedLegal.com

*Attorneys for Defendants/Counterclaimants / Third-Party Plaintiffs American Tactical Imports, Inc. and German Sport Guns GmbH*

CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2013, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

| | |
|---|---|
| Darlene R. Seymour<br>dseymour@ce-ip.com | Jonathan G. Polak<br>Tracy N. Betz<br>Anne Cowgur<br>M. Zach Gordon<br>Peter Prettyman<br>TAFT STETTINIUS & HOLLISTER LLP<br>jpolak@taftlaw.com<br>tbetz@taftlaw.com<br>acowgur@taftlaw.com<br>zgordon@taftlaw.com<br>pprettyman@taftlaw.com |

s/Douglas B. Bates
*An Attorney for Defendants / Counterclaimants / Third-Party Plaintiffs German Sport Guns GmbH and American Tactical Imports, Inc.*

*4817-1146-4469, v. 1*

81185:1:JEFFERSONVILLE