UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| HECKLER & KOCH, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) No. 1:11-cv-1108-SEB-TAB |
| GERMAN SPORT GUNS GMBH, and | ) |
| AMERICAN TACTICAL IMPORTS, INC., | ) |
| | ) |
| Defendants. | ) |

**ORDER ON MOTION TO COMPEL AND REQUEST FOR SANCTIONS**

**I.   Introduction**

This case has had many twists and turns, perhaps none as surprising and troubling as what occurred on April 19, 2013, following a Court-ordered settlement conference. Upon the conclusion of the April 19 conference, Defendant German Sports Guns representative Michael Swoboda was arrested based on a Louisiana warrant sworn out by a representative of Continental Enterprise, an agent of Plaintiffs Heckler & Koch, Inc. and Heckler & Koch GmbH. This event touched off a discovery dispute related to Defendants' attempts to obtain information including facts related to the events leading up to Swoboda's arrest. This dispute resulted in Defendants filing a motion to compel and request for sanctions. For the reasons set forth below, Defendants' motion to compel and request for sanctions [Docket No. 200] is denied.

1

**II.     Background**

On April 19 2013, Swoboda, acting as a GSG party representative, travelled from Germany to Indianapolis for a Court-ordered settlement conference with HK and co-defendant American Tactical Imports, Inc.  Immediately after the settlement conference, Swoboda was arrested on an outstanding Louisiana warrant for illegal use of a counterfeit trademark.  [Docket No. 201 at 17.]  Denise Mosteller swore out the warrant for Swoboda's arrest.  Mosteller is an employee of Continental, a company hired by HK to investigate and assist in certain aspects of intellectual property infringement litigation.  As the warrant indicates, Continental and Paraguayan investigators set up an undercover investigation to receive a shipment of counterfeit airsoft guns from GSG.  The investigation consisted primarily of email communication with GSG employees and a shipment of G36 airsoft guns.  [Docket No. 174-1 at 2.]  Upon being arrested, Swoboda spent five days in the Marion County Jail pending his posting a $250,000 bond.  [Docket No. 201 at 17.]  Soon after his release, Louisiana prosecutors dismissed the charges and reimbursed the posted bond.  [Docket No. 201-3.]

GSG and ATI seek documents and communications surrounding the G36 investigation that led to the allegedly unlawful arrest of Swoboda.  GSG and ATI argue that they are "entitled to the documents and communications related to every investigation of GSG and ATI involving any communication with any GSG and ATI employee by any person related in any way to Plaintiffs, Weber, Ihloff or Continental Enterprises."  [Docket No. 219 at 9–10.]  Specifically, GSG and ATI move to compel production of "any and all communications with Defendants, any and all communications with third-parties related to investigations of Defendants, including but not limited to the investigation of GSG and Messrs. Swoboda and Schmidt, and any and all internal documents and communications pertaining."  [Docket No. 200 at 1–2.]  They also seek a

privilege log from HK, Continental, and Mosteller, along with attorney's fees and costs related to their motion.  [*Id.*]

HK argues that Continental's investigation of counterfeit airsoft firearms is not relevant to the present litigation concerning a breach of the settlement agreement.  Further, HK argues that the communication between HK and Continental, internal Continental communication, and Continental's communication with a German law firm all relating to the G36 investigation is privileged.  [Docket No. 212 at 11–12.]  Still, HK agrees to provide:

> (1) Communications between Continental and GSG pertaining to the G36 Investigation; (2) Continental's communications with the investigators handling the G36 Investigation, to the extent they contain statements by GSG's employees; (3) Continental's communications with law enforcement concerning the G36 Investigation; (4) Communications between Continental and Plaintiffs concerning the G36 Investigation, but only to the extent they recount statements by Mr. Swoboda or other GSG employees; and (5) Internal Continental communications concerning the G36 Investigation, but only to the extent they recount statements by Mr. Swoboda or other GSG employees.

[Docket No. 212 at 2 n.2.]

HK anticipated producing these documents within two weeks of September 23, 2013.  [*Id.*]  The Court suspects that GSG and ATI will have already received these documents by the time this order is entered.  Nevertheless, GSG and ATI argue that they are entitled to any and all documents and communications from the G36 investigation as well as every investigation of GSG and ATI.

### III. Discussion

District courts enjoy broad discretion in controlling discovery.  *Semien v. Life Ins. Co. of North. America,* 436 F.3d 805, 813 (7th Cir. 2006).  Under Federal Rule of Civil Procedure 26(b)(1) parties may obtain information regarding any nonprivileged matter relevant to a claim or defense.  If a party refuses to respond to a discovery request, the opposing party may move for

3

an order to compel disclosure. Fed. R. Civ. Pro. 37(a). The objecting party has the burden to show why a request is improper and must do more than say that the requested discovery is vague, overly broad, or that it is not relevant. *Ripberger v. Corizon, Inc.,* No. 1:11-cv-01394-TWP-MJD, 2012 WL 4340716, at *2 (S.D. Ind. Sept. 20, 2012).

HK objects to the requested information because the G36 investigation involves an airsoft firearm gun model, which is not at issue in this litigation. [*See* Docket No. 45.] HK argues that the investigation of an airsoft firearm, especially of a different gun model, has no bearing on the subject matter of this litigation. GSG and ATI claim it is relevant because one of the emails mention GSG-522, the firearm currently being litigated. They also allege that the communications and investigation relate to their tortious interference claim against HK. According to GSG and ATI, HK maliciously ordered Continental to investigate GSG for the purpose of litigation, which resulted in the unlawful arrest of Swoboda. [Docket No. 219 at 4.] Further, GSG and ATI claim that they are entitled to the information to establish potential sanctions for ex parte communications with GSG employees.

The Court is mindful that GSG and ATI have a tortious interference claim against HK that survived a motion to dismiss. [*See* Docket No. 215 at 25 n.11 ("It is plausible that Defendants could show damages if HK USA's entire litigation strategy has been in bad faith.").]. However, the production of "any and all communications with Defendants" and "any and all communications with third-parties related to investigations of Defendants, including but not limited to the investigation of GSG and Messrs. Swoboda and Schmidt, and any and all internal documents and communications pertaining" is overbroad. In a previous finding, the Court ordered GSG and ATI to narrow their production requests of "any and all documents related to criminal investigations" to relevant and specifically identified criminal investigations. *See*

*Heckler & Koch, Inc., v. German Sports Guns, GmbH,* 1:11-cv-1108-SEB-TAB, 2013 WL 2406266, at *2–3 (S.D. Ind. May 31, 2013*)*. Language such as "any and all" or "including but not limited to" raise a red flag that the request is too broad. Despite the Court's previous order to narrow their scope, GSG and ATI continue to use broad language. If such a request was appropriately narrowed (which would involve more than just deleting the "any and all" language), discovery may be relevant, but even then it would be tangential.

While the Court finds Swoboda's arrest unfortunate and troubling to say the least, this incident and the related investigation is not what this case is about. HK's role in Swoboda's arrest was perhaps opportunistic, but the Court declines the resulting opportunity to interpret relevance so broadly as to allow sweeping discovery on what appears to be a separate inquiry. Given the nature of the Swoboda incident, the Court is inclined to permit some discovery to ensure that GSG and ATI can get to the bottom of this investigation; even so, discovery must still be relevant to the claims and defenses in this case. Though an email correspondence does mention the relevant GSG-522, Continental's objective was to investigate a counterfeit trademark of an unrelated airsoft firearm model. To overcome a relevance objection, GSG and ATI would have to narrow their request to a more relevant and specific investigation, then tie that request to the current lawsuit on the breach of the settlement agreement (or more specifically, the tortious interference claim against HK). However, as it stands, the Court is not convinced that the G36 investigation is relevant to a claim or defense in this litigation. In denying the motion to compel, the related motion for sanctions is also denied.

**IV.     Conclusion**

GSG and ATI seek overbroad production of documents and communication.  This is especially true given previous direction from this Court to narrow discovery to relevant and specific criminal investigations.  Moreover, the investigation and Swoboda's subsequent arrest, while troubling, do not have any obvious relationship to the present litigation.  For these reasons, Defendants motion to compel and for sanctions [Docket No. 200] is denied.

Date:  11/01/2013

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

Darlene R. Seymour
dseymour@ce-ip.com

Jason M. Sneed
JASON SNEED PLLC
jsneed@sneedlegal.com

Charles .M. Landrum, III
JASON SNEED PLLC
clandrum@sneedlegal.com

Bruce Benjamin Paul
STITES & HARBISON, LLP
bpaul@stites.com

Douglas B. Bates
STITES & HARBISON, LLP
dbates@stites.com

6

Neal F. Bailen
STITES & HARBISON, LLP
nbailen@stites.com

Anne L. Cowgur
TAFT STETTINIUS & HOLLISTER LLP
acowgur@taftlaw.com

Jonathan G. Polak
TAFT STETTINIUS & HOLLISTER LLP
jpolak@taftlaw.com

Michael Zachary Gordon
TAFT STETTINIUS & HOLLISTER LLP
zgordon@taftlaw.com

Peter Jon Prettyman
TAFT STETTINIUS & HOLLISTER LLP
pprettyman@taftlaw.com

Tracy Nicole Betz
TAFT STETTINIUS & HOLLISTER LLP
tbetz@taftlaw.com