UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| HECKLER & KOCH, INC. and <br> HECKLER & KOCH, GMBH, <br><br> Plaintiffs/Counterclaim Defendants, <br><br> v. <br><br> GERMAN SPORT GUNS GMBH and <br> AMERICAN TACTICAL IMPORTS, INC., <br><br> Defendants/Counterclaimants, <br><br> AND <br><br> GERMAN SPORT GUNS GMBH and <br> AMERICAN TACTICAL IMPORTS, INC., <br><br> Counterclaimants/Third-Party Plaintiffs, <br><br> v. <br><br> HECKLER & KOCH, INC. and <br> HECKLER & KOCH GMBH, <br><br> Counterclaim Defendants, and <br><br> G. WAYNE WEBER and NIELS IHLOFF, <br><br> Third-Party Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) CASE NO. 1:11-CV-01108-SEB-TAB <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**Motion for Leave to Take Third-Party Discovery and to
Allow Deposition by Oral Examination of Blue August, LLC**

Heckler & Koch, Inc., Heckler & Koch, GmbH (together, "HK"), G. Wayne Weber and

Niels Ihloff (all together, "Counterclaim Defendants"), respectfully move the Court for leave to

take third-party discovery and to alter the method by which they may depose non-party Blue

August, LLC. In support of this motion, Counterclaim Defendants state:

**A.     Requests for Production to Third-Party Customers of ATI**

1.      In their first interrogatories, Weber and Ihloff requested that American Tactical Imports, Inc. ("ATI") identify all facts supporting its claim that Weber and Ihloff interfered with ATI's business relationships. In its September 18, 2013 second supplemental answer to that interrogatory, ATI identified a total of 14 such business relationships as follows:

    a.   AcuSport Corporation;

    b.   Bill Hicks & Co. Ltd.;

    c.   Camfour, LLC;

    d.   Davidson's, Inc.;

    e.   Ellett Brothers;

    f.   Gander Mountain;

    g.   G.B. Stumpp & Associates;

    h.   Gunnies;

    i.   Jeff Robles & Associates;

    j.   Lipsey's;

    k.   Orion;

    l.   The Sportsmans' Shop;

    m.   Sports South, LLC;

    n.   Valor Corporation.

(*See* "American Tactical Imports, Inc.'s Second Supplemental Answers to Third-Party Defendant Wayne Weber's First Set of Interrogatories," attached in relevant part as Exhibit A, pp. 15-17.)

2.      Although this answer identifies the customers at issue in ATI's claim, conspicuously absent is the *manner* in which each relationship was harmed (an issue addressed

in Weber's and Ihloff's motion to compel). (*See* Dkt. #209, pp. 9-11 (regarding interrogatory No. 16 to ATI).) The only conclusion left by ATI's omission is that either it does not know or it is not telling. Regardless, the result is the same. The only way for HK to determine if ATI's relationships were actually damaged is to ask each customer.

3. Consistent with its incomplete answer to this interrogatory, ATI also refuses to produce communications with its customers who allegedly ceased doing business with ATI after the first litigation. Those refusals are addressed in HK's pending motion to compel. (*See* Dkt. #211, pp. 26-28 (regarding requests for production to ATI, Nos. 55, 56 and 57).)

4. The question of the customer's reasoning is not ancillary to the litigation. Rather, it is central to ATI's claims for damages and in support of its tortious interference with business relations claim. ATI alleges that Counterclaim Defendants' actions damaged ATI's relationships with these customers. In support of that claim, however, ATI has imposed an almost total information blackout other than the identity of the customer. HK must be allowed to test these claims. The only way to do so is by obtaining discovery directly from the customers.

5. In an effort to be less burdensome on the non-parties, HK initially proposes a short request for production of documents to each of the customers. With those documents in hand, HK can then determine whether any follow-up by oral examination is necessary. For example, if the documents clearly show that the relationship was not damaged as a result of HK's actions or if the resulting loss was *de minimus*, then a deposition would probably not be necessary. A copy of the proposed requests is attached to the November 25, 2013 letter from Darlene Seymour to Jason Sneed, attached as Exhibit B.

6. Accordingly, HK moves the Court for leave to serve third-party requests for production on each of the companies identified by ATI in Exhibit A.

7. The deadline for completion of discovery in this case has not yet passed.

8. HK reserves the right to seek the depositions of individuals and/or corporate representatives related to some or all of these companies. HK must first receive the documents requested before a determination may be made of which, if any, should be deposed. HK will seek that relief at the appropriate time, should it choose to seek it at all.[1]

**B.  Deposition of Blue August, LLC**

9. On August 7, 2013, HK moved the Court for leave to take depositions on written questions of three non-parties for the purpose of authenticating documents they had produced and establishing that such documents were business records. (*See* Dkt. #196.) The Court granted the motion on September 9, 2013. (*See* Dkt. #204.)

10. Among those non-parties was Blue August, LLC, which is represented by Jason Sneed. Mr. Sneed, of course, is also counsel in this action for ATI and German Sports Guns GmbH. The Court will recall that Blue August is (and has been) ATI's public relations agent and issued public statements on behalf of ATI concerning the firearms at issue in this litigation.

11. The depositions on written question were formulated to be as easy as possible for the non-parties to answer, and referred to the documents produced by each as a collective unit rather than propounding questions concerning each individual document. (A copy of the proposed written questions to Blue August is attached as Exhibit C.)

12. Mr. Sneed objected to the written questions tendered to Blue August that went to their status as business records because the questions did not refer to the documents on an individual basis. (A copy of Mr. Sneed's objections on behalf of Blue August is attached as

---

[1] If history is any guide, a deposition of each is likely going to be required if for no other reason than to authenticate the documents and prove them up as business records. To date, counsel for ATI and GSG has steadfastly refused to stipulate to the authenticity and business record nature of third-party documents. This point is further discussed in part B of this motion.

Exhibit D.) Moreover, Charles Landrum, Mr. Sneed's co-counsel, opined to Jonathan Polak, HK's counsel, that emails could never be business records. It is worth noting that Blue August tendered 316 pages of documents, the substantial majority of which were emails between Blue August employees and ATI employees.

13. Mr. Polak offered to Mr. Landrum the option of grouping the Blue August documents into defined categories, and then discussing the possibility of reaching stipulations as to one or more of the groups – with the hope that this process might at least lead to a narrowing down of the issues, or perhaps, agreement on the documents that really mattered. Mr. Landrum rejected that approach and stated no alternative process.

14. Given Mr. Sneed's and Mr. Landrum's objections, HK's only option is to conduct a live deposition of Blue August in which each individual document is examined. While this will be a tedious process that may well require more than the typical amount of time allowed for a deposition under the Rules, Blue August insists on this procedure. (*See* December 11, 2013 letter from Charles Landrum to Jonathan Polak, attached as Exhibit E, at pp. 2-3 ("those conditions [establishing business records] must be proved up on a document-by-document basis.").)

15. This Court has already found that HK is entitled to take the deposition of Blue August. (*See* Dkt. #204.) This motion seeks only to alter the manner of the deposition – from one on written questions under Rule 31 to a deposition by oral examination under Rule 30.

16. Accordingly, HK requests that the Court alter its previous order on this matter to allow a deposition by oral examination of Blue August pursuant to Rule 30. Further, given the volume of documents at issue and the nature of Mr. Sneed's and Mr. Landrum's objections, HK requests that the time limits imposed by Rule 30(d)(1) be lifted and that the deposition continue from day to day until completed.

5

17. HK leaves it to this Court to determine whether any of this is really in Blue August's best interest. As a third-party to this litigation with no apparent stake in its outcome, it seems curious as to why Blue August would be so interested in not only driving up the costs of HK but also its own, and in being so intransigent in certifying documents as authentic and business records. Perhaps the fact that Blue August shares ATI's counsel is the reason. Regardless, the Court should deny any request by Blue August for reimbursement of its costs in this process based on its status as a third-party. Blue August, at least for purposes of this subpoena, has become the proxy of ATI and/or its counsel, acting only in the litigation interest of ATI.

C. **Local Rule 37-1**

18. To the extent that Local Rule 37-1 is implicated by this motion, the undersigned certifies that counsel for the parties have communicated with each other concerning these matters by letter and are at an impasse. (*See* Ex. B and Ex. E.)

WHEREFORE, Counterclaim Defendants request that the Court:

(a) grant them leave to serve requests for production on the non-party customers identified by ATI in Exhibit A;

(b) supplement its order of September 9, 2013 (Dkt. #204) to allow the deposition of Blue August by oral examination without limitation by Rule 30(d)(1); and

(c) order such other and further relief, both legal and equitable, to which they may show themselves otherwise entitled.

Respectfully submitted,

*/s/ Jonathan G. Polak*
Jonathan G. Polak
Peter J. Prettyman
TAFT STETTINIUS & HOLLISTER LLP
One Indiana Square, Suite 3500
Indianapolis, IN  46204
Telephone:   (317) 713-3500
Facsimile:       (317) 713-3699
E-mail: jpolak@taftlaw.com

Darlene R. Seymour
1292 E. 91st Street
Indianapolis, IN 46240
Telephone:  (317) 818-0523
Email:  dseymour@ce-ip.com

*Attorneys for Plaintiffs,*
*Heckler & Koch, Inc. and*
*Heckler & Koch GmbH*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 16, 2013, a copy of the foregoing was filed electronically. Notice of this filing will be sent to counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

> Jason M. Sneed
> Charles M. Landrum, III
> SNEED PLLC
> 610 Jetton St., Suite 120-107
> Davidson, NC 28036
> jsneed@sneedlegal.com
>
> Douglas B. Bates
> Neal F. Bailen
> STITES & HARBISON, LLP
> 323 East Court Avenue
> PO Box 946
> Jeffersonville, IN 47131
> dbates@stites.com
> nbailen@stites.com
>
> Bruce B. Paul
> STITES & HARBISON, LLP
> 323 East Court Avenue
> PO Box 946
> Jeffersonville, IN 47131
> bpaul@stites.com

*/s/ Jonathan G. Polak*

1999808.2

8