UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| HECKLER & KOCH, INC., and ) <br> HECKLER & KOCH GMBH, ) <br> ) <br>     Plaintiffs/Counterclaim Defendants, ) <br> ) <br> vs. ) <br> ) <br> GERMAN SPORT GUNS GMBH, and ) <br> AMERICAN TACTICAL IMPORTS, INC., ) <br> ) <br>     Defendants/Counterclaimants, ) <br> ) <br>     AND ) <br> ) <br> GERMAN SPORT GUNS GMBH, ) <br> AMERICAN TACTICAL IMPORTS, INC., ) <br> ) <br>     Third-Party Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> G. WAYNE WEBER AND NIELS IHLOFF, ) <br> ) <br>     Third-Party Defendants. ) <br> _____ ) | No. 1:11-cv-1108-SEB-TAB |

**ORDER ON MOTIONS TO COMPEL**

**I. Introduction**

    There have been a series of escalating discovery disputes in this case. This unfortunate trend continues with the two motions to compel filed contemporaneously by Plaintiffs Heckler & Koch Inc/GmbH and Third-Party Defendants G. Wayne Weber and Niels Ihloff. [Filing No. 208; Filing No. 210.] These motions revisit discovery disputes discussed in an August 7, 2013, telephonic conference between Plaintiffs, Third-Party Defendants, and Defendants German Sport

1

Guns and American Tactical Imports. After the conference, GSG and ATI agreed to provide supplemental written responses but failed to do so by the deadline. This missed deadline brought about the present motions to compel, which raise over forty discovery-related issues and seek to have the Court examine the minutiae of discovery. Given the number of issues raised by these motions, it is neither practical nor plausible for line-by-line, document-by-document review. Such painstaking scrutiny is beyond what is necessary to resolve these discovery motions. For the reasons set forth below, Third-Party Defendants' motion to compel [Filing No. 208] and Plaintiffs' motion to compel [Filing No. 210 ] are granted in part and denied in part. Third-Party Defendants' and Plaintiffs' requests for reasonable attorney's fees and costs incurred in bringing these motions are also denied.

## II. Background

On August 7, 2013, the parties participated in a telephonic status conference with the Court. Plaintiffs HK and Third-Party Defendants G. Weber Wayne, HK USA's President, and Niels Ihloff, managing director of HK GmbH, disputed Defendants' objections and responses to several interrogatories and requests for production. Some of the issues were resolved; however, the Court was unable to address every discovery dispute.

Following the telephonic conference, Defendants agreed to provide supplemental written responses to certain discovery requests by September 6, 2013. They failed to do so and notified opposing parties that they had not completed their responses. However, Defendants did not provide a new date of completion as Plaintiffs and Third-Party Defendants requested. On September 18, 2013, Plaintiffs and Third-Party Defendants filed their motions to compel. By September 23, Plaintiffs and Third-Party Defendants received Defendants' supplemental

responses, which resolved certain issues addressed in their motions to compel. [Filing No. 216; Filing No. 217.]  Still, over forty discovery issues remain.

### III. Discussion

Parties may obtain information regarding any relevant nonprivileged matter, subject to the limitations imposed under Fed. R. Civ. P. 26. *See U.S. ex rel. McCartor v. Rolls-Royce Corp.*, No. 1:08-cv-00133-WTL-DML, 2013 WL 5348536, at *2 (S.D. Ind. Sept. 24, 2013).  Rule 26(b)(2)(C) empowers the Court to limit the extent of discovery if it is unreasonably cumulative, duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive. *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002).  Discovery may further be limited if the burden outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues. Fed. R. Civ. Pro. 26(b)(2)(C).  That is to say, courts have the flexibility and discretion "to assess the circumstances of the case and limit discovery accordingly to ensure that the scope and duration of discovery is reasonably proportional to the value of the requested information, the needs of the case, and the parties' resources." *Kleen Prods. LLC v. Packaging Corp. of Am.*, No. 10-C-5711, 2012 WL 4498465, at *9 (N.D. Ill. Sept. 28, 2012).

  A.  *Prior litigation and settlement discovery requests*

Plaintiffs' and Third-Party Defendants' motions to compel assert several discovery disputes relating to prior litigation and settlement between the parties.  Third-Party Defendants and Plaintiffs seek documents held by Defendants' former counsel Alston and Bird that relate to the settlement of prior litigation.  These documents are allegedly relevant to "any discovery

requests."[1] [Filing No. 211, at ECF p. 16; Filing No. 231, at ECF p. 9.] In response, Defendants assert the attorney-client privilege and work product doctrine. Defendants' argument that Plaintiffs failed to provide a basis for waiving such privileges is well taken. Plaintiffs' statement that these documents likely relate to "any discovery request" is not enough to overcome Defendants' privileges. Absent an adequate reason to necessitate waiver, documents relating to settlement (specifically the Alston and Bird documents) are privileged and production is thus denied. *See Hollinger Intern. Inc. v. Hollinger Inc.*, 230 F.R.D. 508, 511 (N.D. Ill. 2005) ("[A] burden rests on the one [who] would invade that privacy to establish adequate reasons to justify production through a subpoena or court order.") (quoting *Hickman v. Taylor*, 329 U.S. 495, 512 (1947)).

Plaintiffs seek to compel Defendants to identify all drawings provided to the mediator in settlement discussions. [Filing No. 211, at ECF p. 7.] Defendants argue that the Court should find such documents privileged, as producing these documents would have a chilling effect on parties engaged in settlement negotiations. Though there is no recognized federal privilege, the Court finds a strong public policy argument for preserving the confidentiality of these drawings. Settlement negotiations encourage candor among participants so as to facilitate and promote settlement. Permitting discovery of communications that occurred during the mediation process would chill any potential candor and cooperation among parties. Moreover, responsive information is obtainable from other discovery sources, such as depositions or the use of an expert. Accordingly, Defendants are not required to respond to Plaintiffs' interrogatories concerning drawings provided to the mediator. In a related interrogatory, Third-Party Defendants seek a list of any benefit Defendants received from the settlement agreement. [Filing

---

[1] Third-Party Defendants' brief incorporates Plaintiffs' argument. [Filing No. 231, at ECF 9.]

4

No. 209 at 8.] This request is vague. Accordingly, Defendants are not required to supplement their interrogatory answer or produce responsive documents.

However, the Court grants Plaintiffs' request for production of invoices for legal services incurred in prior litigation because Defendants' claim for damages includes fees. [Filing No. 211, at ECF p. 31.] Invoices speak directly to Defendants' damage claim and must be produced. However, limited redaction is permitted so as to remove any thought process of legal counsel.[2]

Defendants argue that contention requests for production are improper in that they exceed the scope of Rule 26. [Filing No. 221, at ECF p. 19; Filing No. 222, at ECF p. 13-15.] Third-Party Defendants and Plaintiffs argue such requests are appropriate because they are entitled to documents relevant to Defendants' defenses but they concede that they merely seek what is required under Rule 26. Third-Party Defendants and Plaintiffs are entitled to production of documents relevant to Defendants' damage claims. Contention requests for production are reasonable and potentially useful to contention interrogatories, assuming that the requests for production themselves are valid. *See Burnett & Morand Partnership v. Estate of Youngs,* No.3:10-cv-3-RLY-WGH, 2011 WL 1237950, at *2–3 (S.D. Ind. Apr. 4, 2011) (finding contention requests for production appropriate "to bring to light the parties' position in an informed and controlled manner that winnows down the resolution of a dispute"). Rule 34 allows a party to serve requests for production of documents that are within the scope of Rule 26. *Id*. With that said, Defendants must produce documents supporting damage claims under Plaintiffs' request for production 41 to GSG and 43 to ATI that are within the scope of Rule 26. Third-Party Defendants request production of documents that support Defendants' answers to the

---

[2] To the extent that the parties dispute the validity of redacted entries, the parties could, if absolutely necessary, submit the invoices to the Court for *in camera* review. Given the number of discovery disputes the parties already have raised, the Court is not encouraging such a course of action.

interrogatories included in their motion to compel. To the extent the Court finds these interrogatories valid, Defendants must also produce Third-Party Defendants' contention requests for production.

Defendants contest Third-Party Defendants' interrogatory concerning HKI's alleged lack of standing because it inappropriately seeks a legal conclusion. [Filing No. 231, at ECF p. 4.] The Court disagrees. Third-Party Defendants' interrogatory merely requests facts that support Defendants' argument. Thus, Defendants must supplement their answer and produce responsive documents.

### B. Business and financial discovery requests

The disputed discovery requests also relate to Defendants' businesses and finances. Plaintiffs' request that GSG produce documents concerning ATI's loss of credit facilities is denied. This request exceeds the scope of discovery under Rule 26 in that it seeks information about the credit of a separate and distinct business. [Filing No. 211, at ECF p. 29.] However, Plaintiffs' request for production to ATI relating to its loss of credit facilities is relevant to ATI's damages. If ATI asserts loss of credit harmed its business, then Plaintiffs are justified in obtaining documents supporting this assertion. As such, ATI must produce relevant credit losses.

Plaintiffs' request for any and all budgets since January 1, 2004, seeks information that is not necessary to resolve this case. [Filing No. 211, at ECF p. 24.] While it is conceivable that such information could be relevant to determining Defendants' damages, Defendants are not asserting generalized harm to business so this discovery request is denied. Similarly, the Court denies Plaintiffs' request for a detailed description of any federal investigations of ATI involving any of its products from 2007 through 2010. [Filing No. 211, at ECF p. 6; Filing No. 221, at

ECF p. 23.] Plaintiffs argue that this information is relevant to Defendant's assertion that Plaintiffs destroyed its business and that the Court has already determined this to be discoverable information. Upon further review, the Court finds that these federal investigations are potentially relevant but too far afield from the needs of this case to permit discovery given that Defendants are not asserting generalized harm. Managing discovery requires setting limits, and this inquiry strikes the Court as going well beyond what is really necessary to litigate this case.

Plaintiffs further seek any and all manufacture, advertising, display, publication, offer for sale, and distribution and sale documents for GSG-5 and GSG-522. [Filing No. 211, at ECF p. 17.] Defendants agreed to produce marketing expenditures for GSG-5 and GSG-522, however, they did not agree to produce all of the documents Plaintiffs request. Defendants are required to fully produce all responsive documents. The Court also requires ATI to fully supplement Third-Party Defendants' interrogatory for identification of business relationships with which Third-Party Defendants allegedly interfered and facts supporting this claim. [Filing No. 209, at ECF p. 9.] The interrogatory directly relates to ATI's claim against Third-Party Defendants and ATI must do more than identify the business relationships; it must provide facts to support its claim as well as responsive documents.

C. *Product- and trademark-related discovery requests*

The instant motions also include product- and trademark-related discovery requests. Plaintiffs seek information concerning sale of conversion kits after January 31, 2010. [Filing No. 211, at ECF p. 14.] Defendant GSG elected to produce responsive business records pursuant to Fed. R. Civ. P. 33 sufficient to show the sale of such kits. Rule 33, however, requires the responding party to specify the responsive records in sufficient detail to enable the interrogating party to locate and identify the documents as readily as the responding party could.

Alternatively, the responding party can give the interrogating party a reasonable opportunity to examine the records.  Fed. R. Civ. P. 33(d)(1).  Defendants' answer failed to identify the documents or provide a reasonable opportunity for examination.  Accordingly, Defendants have not satisfied the rule and are required to timely supplement their answer to conform with Rule 33(d)(1).

In another interrogatory, Plaintiffs ask GSG for a list of all replica firearms it has manufactured and corresponding licensing information.  [Filing No. 211, at ECF p. 15.]  GSG responded only as to GSG-522, arguing that only GSG-522 is relevant to this litigation.  The Court recognizes that information concerning replica firearms is potentially relevant to intentional misconduct by GSG; however, it is too burdensome to request a list of all replica firearms, along with licensing information.  The parties must find a way to manage discovery so that it is meaningful without implementing a scorched-earth policy.  To ensure production of relevant information proportional to the needs of the case, Plaintiffs and Defendants are ordered to confer on an appropriately sized sample pool of replica firearms that will satisfy Plaintiffs' interrogatory for which Defendants must then produce any responsive documents.

Plaintiffs also request production of documents evidencing third-party use of the same foregrip and stock used in connection with GSG-5 and GSG-522.  [Filing No. 211, at ECF p. 32.]  Plaintiffs seek these documents to support Defendants' assertion that other companies use the same foregrip and stock as is found on the GSG-5 and GSG-522.  If Defendants have formerly set forth this position as one of their defenses, then Plaintiffs are justified in seeking production of documents supporting the Defendants' use of these terms.  However, absent some formal assertion of this defense, Plaintiffs' request is too nebulous a concept to justify production.  Unless Plaintiffs are able to locate Defendants' assertion of this defense, the Court denies this

request for production.  To the extent Defendants use these terms formally, Defendants must produce responsive documents.

Plaintiffs also seek any order or request of documents from USPTO relating to marks claimed by Plaintiffs before October 8, 2008.  This interrogatory is undefined and unlimited.  [Filing No. 211, at ECF p. 12.]  As such, Defendants are not required to supplement their answers.  Further, Plaintiffs' request for any and all documents relating to design patent applications anywhere in the world is too broad and is denied.  [Filing No. 211, at ECF p. 9.]

The Court also denies Plaintiffs' motion to compel Defendant ATI to produce any documents of any investigation by the ATF or ICE from January 1, 2007 through December 31, 2011.  [Filing No. 211, at ECF p. 25.]  While Plaintiffs argue this information is relevant to demonstrate alternative causes for harm to ATI's business, the Court agrees with ATI's objection: "ATI is not asserting any claim for damages related to a generalized harm to its business.  Accordingly, the request is not relevant to any party's claim or defense."  [Filing No. 221, at ECF p. 33.]  Despite some potential relevance, this request is too far afield to compel discovery and is therefore denied.

In failing to mention in their initial brief interrogatory 11, the Court finds that Third-Party Defendants waived their argument.  As a result, Defendants need not provide a supplemental response or responsive documents to the request for any research concerning ownership of intellectual property.  However, the Court grants Plaintiffs' request for production of documents supporting Defendants' claim that the MP5 trade dress is unenforceable.  Plaintiffs are entitled to these documents as they go to the heart of the contention among the parties.  Defendants must produce responsive documents.

D. *Customer and communication discovery requests*

The instant motions include discovery disputes relating to Defendants' communications and customers. Plaintiffs seek production of any documents from ATI of any present, former, or potential customer communication from January 1, 2007 through December 31, 2011, regarding any decision by the customer to stop doing business with GSG, ATI, or AmChar. [Filing No. 211, at ECF p. 26.] While this communication is relevant to damages, Defendants rightly assert that this is an overly broad request and Plaintiffs have made no effort to narrow it. The Court recognizes the potential difficulty in narrowing this request; however, Plaintiffs must attempt to meaningfully narrow it to the extent possible before ATI is required to produce responsive documents.

Similarly, Plaintiffs' request for any and all correspondence with any ATI former employees regarding in any way the present action or prior litigation is overbroad and thus denied. The Court also denies Plaintiffs' request for any and all communications with third-parties relating to current or prior litigation because Plaintiffs fail to provide an actual purpose for the request other than its relevance to "myriad issues, including alleged harm to Defendants' businesses." [Filing No. 211, at ECF p. 22.] While there may be potential relevance here, Plaintiffs provide no articulable relevancy argument and thus this information is beyond the scope of discovery necessary to resolve the issues in this case.

Plaintiffs request production of any documents relating to ATI's demographic information for GSG-5 and GSG-522 purchasers anywhere in the world. [Filing No. 211, at ECF p. 23.] ATI concedes that it has a database of customer demographics electronically stored but asserts the request is too broad. Plaintiffs argue that absent a sample of data they are unable to determine this information's relevancy. The Court finds Plaintiffs are entitled to a sample of

data to determine whether the information is relevant.  If Plaintiffs can articulate a good faith and objective basis for why the information is relevant, the parties must confer as to its relevancy and potential options for accessing the demographic information that are not overly broad or burdensome.  If a dispute over this information persists despite genuine efforts among counsel to find a solution, the Court will weigh in upon request.

The Court also grants Plaintiffs' request for production of any and all ATI warranty documents relating to GSG-5 and GSG-522.  [Filing No. 211, at ECF p. 22.]  ATI argues it has few customer warranties relative to the firearms sold and that this information would be inadmissible evidence.  However, admissibility is an issue to be addressed later in litigation and this information is relevant to Plaintiffs' trademark infringement claims.  As such, ATI must produce warranties with confidential information, such as social security or credit card numbers, redacted.

During the course of briefing, Plaintiffs and Defendants resolved the issue surrounding request for production 57 to ATI.  As such, the request is moot.

  E.  *Attorney's fees and costs*

Plaintiffs and Third-Party Defendants argue that they are entitled to attorney's fees and costs incurred for bringing this motion.  The Court finds it inappropriate to award such fees and costs given Defendants' substantial justification for their failure to produce discovery.  *See Francis v. AIT Laboratories,* No. 1:07-cv-0626-RLY-JMS, 2008 WL 2561222, at *4 (S.D. Ind. June 26, 2008) ("If the opposing party's non-disclosure was substantially justified, or an award of expenses would be otherwise unjust, expenses may not be awarded.").  Plaintiffs' and Third-Party Defendants' requests for reasonable fees and costs are denied.

## IV.  Conclusion

For the reasons stated above, Third-Party Defendants' and Plaintiffs' motions to compel [Filing No. 208; Filing No. 210] are granted in part and denied in part.  The Court also denies Third-Party Defendants' and Plaintiffs' requests for reasonable attorney's fees and costs incurred in bringing these motions.  Defendants must produce responsive documents and provide supplemental answers to Plaintiffs' and Third-Party Defendants' interrogatories within 28 days.

Date:  2/7/2014

Distribution:

Darlene R. Seymour
dseymour@ce-ip.com

Jason M. Sneed
SNEED PLLC
jsneed@sneedlegal.com

Charles .M. Landrum, III
SNEED PLLC
clandrum@sneedlegal.com

Bruce Benjamin Paul
STITES & HARBISON, LLP
bpaul@stites.com

Douglas B. Bates
STITES & HARBISON, LLP
dbates@stites.com

Neal F. Bailen
STITES & HARBISON, LLP
nbailen@stites.com

Anne L. Cowgur
TAFT STETTINIUS & HOLLISTER LLP
acowgur@taftlaw.com

Jonathan G. Polak
TAFT STETTINIUS & HOLLISTER LLP
jpolak@taftlaw.com

Michael Zachary Gordon
TAFT STETTINIUS & HOLLISTER LLP
zgordon@taftlaw.com

Peter Jon Prettyman
TAFT STETTINIUS & HOLLISTER LLP
pprettyman@taftlaw.com

Tracy Nicole Betz
TAFT STETTINIUS & HOLLISTER LLP
tbetz@taftlaw.com