UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| HECKLER & KOCH, INC., and  HECKLER & KOCH, GMBH, | ) ) ) | |
| Plaintiffs/Counterclaim Defendants, | ) ) | |
| vs. | ) ) | No. 1:11-cv-01108-SEB-TAB |
| GERMAN SPORT GUNS GMBH, and  AMERICAN TACTICAL IMPORTS, INC., | ) ) ) | |
| Defendants/Counterclaimants. | ) ) | |
| AND | ) ) | |
| GERMAN SPORT GUNS GMBH, and  AMERICAN TACTICAL IMPORTS, INC., | ) ) ) | |
| Counterclaimants/Third-Party Plaintiffs, | ) ) | |
| vs. | ) ) | |
| G. WAYNE WEBER and NIELS IHLOFF, | ) ) | |
| Third-Party Defendants. | ) | |

**ORDER ON PLAINTIFFS' OBJECTIONS**

This cause is before the Court on objections filed by Plaintiffs Heckler & Koch, Inc., and Heckler & Koch, Gmbh, (collectively, "HK") to the Magistrate Judge's Order on Defendants' Motion to Compel [Dkt. No. 136], which held, *inter alia*: (1) that HK failed to establish that communications or documents listed in certain privilege logs that include Umarex are privileged by virtue of the common interest doctrine; (2) that the crime-fraud exception applied to communications and documents concerning ownership and assignment of the MP5 intellectual property rights; and (3) that any claims of privilege for documents concerning ownership and

assignment of the MP5 intellectual property rights that were not listed on privilege logs before the Court were waived. HK filed a motion to reconsider these rulings, which the Magistrate Judge denied. [Dkt. No. 179]. The instant objections to these rulings followed, filed pursuant to Rule 72(a) of the Federal Rules of Civil Procedure.

For the reasons detailed herein, HK's objection to the Magistrate Judge's ruling that HK failed to prove that a common interest existed between itself and Umarex is <u>OVERRULED</u>. As explicated below, we reserve rulings on the remainder of HK's objections at this time.

I.  **Factual and Procedural Background**

The factual underpinnings of this case have been recounted various times by the Court but are largely irrelevant for purposes of our consideration of HK's objections.[1] To provide context, however, we note that this lawsuit relates to the alleged intellectual property infringement of HK's MP5 firearm. Previous litigation between the parties resulted in a settlement agreement executed in October 2009. This subsequent lawsuit alleges that Defendants German Sports Guns GmbH and American Tactical Imports, Inc. breached that agreement. Defendants have brought counterclaims against HK alleging that it fraudulently represented in the agreement that they owned the intellectual property that was the subject of the previous lawsuit despite its having assigned away those rights in March 2009.

In September 2013, after HK's objections to the Magistrate Judge's rulings were fully briefed, we dismissed Defendants' claims for both fraud and constructive fraud. [Dkt. No. 215]. Specifically, the Court found that Defendants had failed to plead plausibly that they suffered damages as a result of the allegedly fraudulent representations or omissions. That ruling has been challenged in a Motion for Reconsideration filed by Defendants which currently pends before the Court.

---

[1] For a more detailed recitation of the allegations underlying this case, see Docket Nos. 214-15.

## II. Standard of Review

Pursuant to Federal Rule of Civil Procedure 72(a), the Court must consider and modify or set aside a non-dispositive pretrial ruling, or any part thereof, issued by a magistrate judge that is found to be clearly erroneous or contrary to law. Using the clear error standard, the Court will sustain an objection "only if [it] is left with the definite and firm conviction that a mistake has been made." Weeks v. Samsung Heavy Indus., Ltd., 126 F.3d 926, 943 (7th Cir. 1997).

## III. Discussion

As noted above, HK objects to three specific rulings made by the Magistrate Judge. We address each of these objections below.

### A. The Magistrate Judge Did Not Err in Holding That Plaintiffs Failed to Establish The Application of The Common Interest Doctrine to Communications and Documents Involving Umarex.

In their motion to compel, Defendants contended that the communications and documents listed in HK's privilege logs involving Umarex are not protected by the attorney-client privilege. HK rejoined that these communications are privileged under the common legal interest doctrine, which extends the attorney-client privilege to communications between parties that "undertake a joint effort with respect to a common legal interest, and [] is limited strictly to those communications made to further an ongoing enterprise." United States v. BDO Seidman, LLP, 492 F.3d 806, 815-16 (7th Cir. 2007).

In its briefing of the motion, HK conceded that the interest between itself and Umarex was merely "nearly identical," and failed to respond in their sur-reply to Defendants' arguments on this point. Thus, the Magistrate Judge found that the legal interest shared between HK and Umarex was not identical making the communications between those parties discoverable. Dkt. No. 136 at 12 (citing Pampered Chef v. Alexanian, 737 F. Supp. 2d 958, 964 (N.D. Ill. 2010);

Parvati Corp. v. City of Oak Forest, No. 08-C-702, 2010 WL 4792649, at *2 (N.D. Ill. Nov. 18, 2010); Square D Co. v. E.I. Electronics, Inc., 264 F.R.D. 385, 391 (N.D. Ill. 2009); Zepter v. Dragistic, 237 F.R.D. 185, 189 (N.D. Ill. 2006)).

HK asserts that the Magistrate Judge erred in ruling that HK had not met its burden of establishing that the common interest doctrine applies to the communications and documents in the three privilege logs that include Umarex.[2] However, in advancing this objection HK fails entirely to address one of the Magistrate Judge's primary bases for his conclusion – that HK failed to respond to Defendants' argument that the interest between Umarex and HK was not sufficiently common. In his initial ruling, the Magistrate Judge expressly stated that HK had failed to respond to Defendants' challenge to the commonality of interest. Thereafter, in denying HK's motion for reconsideration, the Magistrate Judge again referenced HK's failure to address this point, explaining that while HK may be correct about the standard by which the interest must be comparable, it failed to make any response to Defendants' challenge. This default left the Court without "an adequate factual basis to support application of the common interest doctrine." Accordingly, HK is unable to establish that the Magistrate Judge's ruling was clearly erroneous or contrary to law, and its objection to this portion of the Magistrate Judge's order must be overruled.

### B. HK's Remaining Objections

As noted above, HK also objects to the Magistrate Judge's rulings concerning the application of the crime-fraud exception to communications and documents related to ownership and assignment of the MP5 intellectual property rights. Relatedly, HK objects to the Magistrate Judge's ruling that any claims of privilege for documents not listed in the privilege logs related

---

[2] The Magistrate Judge specified that his ruling applied only to the three referenced privilege logs, Docket Nos. 75-1, 75-2, and 98-2.

to the ownership or assignment of the MP5 rights were waived and that those materials must be produced. Since the time when these objections were briefed, however, as we have previously noted, the Court dismissed Defendants' fraud claims, calling into question the continued relevancy of the materials sought.[3] Defendants' Motion to Reconsider the dismissal of those claims will allow the Court an opportunity to pass on the relevance and soundness of the remaining objections interposed by HK. We withhold a ruling until that time.

## IV.    Conclusion

For the foregoing reasons, the Court overrules HK's objection to the Magistrate Judge's order to produce communications or documents listed in the privilege logs specified above that include Umarex. Accordingly, in that respect the Magistrate Judge's Orders are affirmed and those materials are ordered to be produced to Defendants no later than March 20, 2014. The additional objections remain under advisement.[4]

IT IS SO ORDERED.

Date: 03/06/2014

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

---

[3] HK posits in its opening brief that the communications and documents would no longer be relevant if the Court were to later grant HK's motion to dismiss. Dkt. No. 181 at 10-11. Defendants did not dispute HK's challenge to the relevancy to the documents in the event that the Court granted HK's motion, instead maintaining that the production of irrelevant documents posed no threat of irreparable harm to HK.

[4] Contemporaneous with their filing of objections to the rulings of the Magistrate Judge, HK file a Motion to Stay Production until 14 days after the Court rules on these objections. [Dkt. No. 182]. HK's Motion is GRANTED.

Distribution:

Darlene R. Seymour
dseymour@ce-ip.com

Jason M. Sneed
SNEED PLLC
jsneed@sneedlegal.com

Charles .M. Landrum, III
SNEED PLLC
clandrum@sneedlegal.com

Bruce Benjamin Paul
STITES & HARBISON, LLP
bpaul@stites.com

Douglas B. Bates
STITES & HARBISON, LLP
dbates@stites.com

Neal F. Bailen
STITES & HARBISON, LLP
nbailen@stites.com

Anne L. Cowgur
TAFT STETTINIUS & HOLLISTER LLP
acowgur@taftlaw.com

Jonathan G. Polak
TAFT STETTINIUS & HOLLISTER LLP
jpolak@taftlaw.com

Michael Zachary Gordon
TAFT STETTINIUS & HOLLISTER LLP
zgordon@taftlaw.com

Peter Jon Prettyman
TAFT STETTINIUS & HOLLISTER LLP
pprettyman@taftlaw.com

Tracy Nicole Betz
TAFT STETTINIUS & HOLLISTER LLP
tbetz@taftlaw.com