UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| HECKLER & KOCH, INC., and <br> HECKLER & KOCH GMBH, <br>     Plaintiffs/Counterclaim Defendants, <br> vs. <br> GERMAN SPORT GUNS GMBH, and <br> AMERICAN TACTICAL IMPORTS, INC., <br>     Defendants/Counterclaimants, <br> AND <br> GERMAN SPORT GUNS GMBH, <br> AMERICAN TACTICAL IMPORTS, INC., <br>     Third-Party Plaintiffs, <br> vs. <br> G. WAYNE WEBER AND NIELS IHLOFF, <br>     Third-Party Defendants. | No. 1:11-cv-1108-SEB-TAB |

**ORDER ON MOTION FOR LEAVE TO TAKE THIRD-PARTY DISCOVERY
AND TO ALLOW DEPOSITION BY ORAL EXAMINATION OF BLUE AUGUST LLC**

**I. Introduction**

    This matter is before the Court on yet another discovery-related dispute. Plaintiffs Heckler and Koch, along with Third-Party Defendants G. Wayne Weber and Niels Ihloff, seek leave to take third-party discovery and to orally depose non-party Blue August, LLC. For the reasons below, Plaintiffs and Third-Party Defendants' motion for leave take third-party

discovery and to allow deposition by oral examination of Blue August, LLC [Filing No. 239] is granted in part and denied in part.

## II. Discussion

*A. Subpoenaed Customers*

HK, Weber, and Ihloff seek leave to subpoena documents from ATI's customers that may support ATI's claim that Weber and Ihloff tortiously interfered with its business relationships. Initially HK, Weber, and Ihloff requested ATI produce documents to support its business interference claim, but ATI did not produce such documents. This prompted, among other things, HK's, Weber and Ihloff's motions to compel production of those documents. In a February 7, 2013, order the Court ordered HK, Weber, and Ihloff to narrow the scope of this discovery request before ATI needed to produce documents. [Filing No. 255.] HK, Weber, and Ihloff narrowed the request to the fourteen customers ATI identified in its September 18, 2013, second supplemental answer. [Filing No. 267, at ECF p. 2.] Pursuant to the February 7, 2013, order ATI is now required to produce responsive documents concerning these customers.

Yet HK, Weber, and Ihloff seek leave to take third-party discovery from these customers as they suspect ATI will not be forthright in producing these documents. ATI objects to HK, Weber, and Ihloff's motion for leave to take discovery because it is duplicative given that ATI is already required under court order to produce the documents. Moreover, ATI indicates that HK, Weber, and Ihloff have already served seventeen third-party subpoenas, including eight of the fifteen entities that are subject to the instant motion. [Filing No. 248, at ECF p. 3.] ATI expresses concern that the requested subpoenas are designed to harass ATI's customers and will cause them to look elsewhere for firearms. This is not the first time that ATI has expressed this concern. [Filing No. 81.]

In discovery matters, the Court enjoys broad discretion. *Packman v. Chi. Tribune Co.*, 267 F.3d 628, 646–47 (7th Cir. 2001). While public policy favors disclosure of relevant material, the Court may limit the frequency or extent of discovery allowed if the Court finds discovery unreasonably duplicative or cumulative, or there is a more convenient, less burdensome, or less expensive manner in which to obtain discovery. Fed. R. Civ. P. 26(b)(2); *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002). In making a discovery determination, the Court should consider the totality of the circumstances. *Patterson*, 281 F.3d at 681.

Given the apparent animosity between both parties and counsel, HK, Weber, and Ihloff are justified in their concern that ATI will not produce the documents relating to the named fourteen customers. However, as the Court has previously held, ATI also has a valid concern. Taking into account the past behavior of the parties, the Court finds it appropriate to take additional steps to ensure ATI produces all of its responsive documents relating to the fourteen customers. However, the Court is mindful of ATI's concern that HK, Weber, and Ihloff intend to harass these fourteen customers.

Pursuant to the Court's order on motions to compel, ATI is required to produce the documents for its identified fourteen customers. [Filing No. 255.] These documents are relevant to ATI's claim that Weber and Ihloff tortiously interfered with its business relationships. That being the case, HK, Weber, and Ihloff may select up to three of ATI's fourteen customers to subpoena. If HK, Weber, and Ihloff receive consistent information from both the subpoenaed customers and ATI, then the Court will deny any additional requests to subpoena the remaining eleven customers. But if ATI's document production is materially inconsistent with that of the

three subpoenaed customers, the Court will broaden to the extent it deems necessary HK, Weber, and Ihloff's subpoena request.[1]

### B. Blue August LLC Deposition

HK, Weber, and Ihloff's motion also seeks to depose ATI's public relations agent Blue August, LLC. HK, Weber, and Ihloff seek deposition by oral examination, instead of by written examination as was granted in a September 9, 2013, order. [Filing No. 204.] Initially, HK, Weber, and Ihloff sought to depose Blue August and two other companies by writing for the purpose of authenticating documents and establishing them as business records. Defendants objected to the written questions intended for Blue August because the questions did not refer to the documents on an individual basis. Given Defendants' objections, HK, Weber, and Ihloff assert that their only alternative is to question Blue August about each individual document. They argue that such a tedious process will be more efficiently completed through an oral deposition. [Filing No. 239, at ECF p. 5.] Moreover, HK, Weber, and Ihloff request the Court lift the seven-hour time limit under Fed. R. Civ. P. 30(d)(1) so that they can continue the deposition "from day to day until completed." [Filing No. 239, at ECF p. 5.] HK, Weber, and Ihloff assert that additional time is necessary given Defendants' objections and the volume of documents involved. They claim that lifting the time limit will also ensure that there is no incentive for Defendants to prolong the proceedings in an effort to prevent authentication.

Absent stipulation, HK, Weber, and Ihloff have the right to orally depose Blue August to avoid any potential objection by Defendants as to the authenticity and admissibility of Blue

---

[1] HK, Weber, and Ihloff indicate that they reserve the right to seek the deposition of any of these fourteen customers in the future, which they assert in a footnote will likely be inevitable. Though this issue is not yet ripe, it is unrealistic of HK, Weber, and Ihloff to expect the Court to grant any such future request given the limited time available for discovery under the amended CMP and the fact that they have already performed at least twelve depositions. [Filing No. 78, at ECF p. 2; Filing No. 248, at ECF p. 7; Filing No. 281.]

August's business records. Thus, the Court grants HK, Weber, and Ihloff leave to orally depose Blue August. However, the deposition is presumptively restricted to seven hours, and HK, Weber, and Ihloff have not demonstrated a need to go beyond the seven-hour limit. With that in mind, HK, Weber, and Ihloff are well advised to limit their deposition to only potentially relevant documents. The Court encourages the parties to revisit whether they can stipulate to authenticity of either some or all of Blue August's documents.

HK, Weber, and Ihloff also request that the Court deny any request from Blue August for reimbursement of costs associated with the oral deposition as a non-party. This issue is not yet ripe. However, the Court notes that it has already requested that the parties stipulate to authenticity and perform the deposition as effectively as possible. If at some later point in time an issue arises concerning reimbursement, the Court will address it then.

### III. Conclusion

For these reasons, Plaintiffs HK and Third-party Defendants Weber and Ihloff's motion for leave to take third-party discovery and to allow oral deposition of Blue August [Filing No. 239] is granted in part and denied in part. Defendants shall produce responsive documents concerning the fourteen customers identified in its September 13, 2013, second supplemental answer within 28 days. The Court grants Plaintiffs and Third-Party Defendants leave to subpoena up to three of those fourteen customers. Moreover, the Court grants Plaintiffs and Third-Party Defendants' request to take an oral deposition of Blue August but denies the request to lift Rule 30(d)(1) time restrictions.

Date:

Distribution:

Darlene R. Seymour
dseymour@ce-ip.com

Jason M. Sneed
SNEED PLLC
jsneed@sneedlegal.com

Charles .M. Landrum, III
SNEED PLLC
clandrum@sneedlegal.com

Bruce Benjamin Paul
STITES & HARBISON, LLP
bpaul@stites.com

Douglas B. Bates
STITES & HARBISON, LLP
dbates@stites.com

Neal F. Bailen
STITES & HARBISON, LLP
nbailen@stites.com

Anne L. Cowgur
TAFT STETTINIUS & HOLLISTER LLP
acowgur@taftlaw.com

Jonathan G. Polak
TAFT STETTINIUS & HOLLISTER LLP
jpolak@taftlaw.com

Michael Zachary Gordon
TAFT STETTINIUS & HOLLISTER LLP
zgordon@taftlaw.com

Peter Jon Prettyman
TAFT STETTINIUS & HOLLISTER LLP
pprettyman@taftlaw.com

Tracy Nicole Betz
TAFT STETTINIUS & HOLLISTER LLP
tbetz@taftlaw.com