UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| HECKLER & KOCH, INC., and<br>HECKLER & KOCH GMBH,<br><br>　　　　　　　Plaintiffs,<br><br>　　vs.<br><br>GERMAN SPORT GUNS GMBH, and<br>AMERICAN TACTICAL IMPORTS, INC.,<br><br>　　　　　　　Defendants.<br>----------------------------------------------------------<br>AMERICAN TACTICAL IMPORTS, INC.,<br>and GERMAN SPORT GUNS GMBH,<br><br>　　　　　　　Counter Claimants,<br><br>　　vs.<br><br>HECKLER & KOCH, INC.,<br>HECKLER & KOCH GMBH,<br>G. WAYNE WEBER, and<br>NIELS IHLOFF<br><br>　　　　　　　Counter Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)　No. 1:11-cv-01108-SEB-TAB |

**ORDER ON SEPTEMBER 24, 2014, TELEPHONIC STATUS CONFERENCE**

The parties appeared by counsel on September 24, 2014, for a telephonic status conference to address a series of discovery disputes and related motions pending before the Court. The Court provided the parties an opportunity to be heard and issued an oral ruling, which this entry memorializes.

1

As Defendants appropriately argue, Plaintiffs' emergency motion to compel violates Local Rule 37-1. Under Local Rule 37-1, parties must meet and confer on any discovery dispute before formally filing a motion. The pithy email correspondence between the opposing parties—which consists of a mere paragraph from each side on this discovery dispute—does not satisfy the meet and confer requirement. Local Rule 37-1 requires a meaningful meet and confer, which in this particularly prickly litigation requires more than a truncated email exchange. As this Court has previously set forth, "an electronic ultimatum is not a good faith attempt to resolve a discovery dispute. Rather the local rule contemplates an actual meeting with a date, time, and place—whether by telephone, videoconference, or . . . preferably face-to-face." *Loparex, LLC v. MPI Release Technologies, LLC*, No. 1:09-cv-1411-JMS-TAB, 2011 WL 1871167, at *2 (S.D. Ind. May 16, 2011); *see Remy Inc. v. Tecnomatic, S.P.A.*, No. 1:11-cv-00991-SEB-MJD, 2013 WL 619894, at *2 (S.D. Ind. Feb. 19, 2013) (noting that the court may deny any motion raising a discovery dispute that fails to contain a statement setting forth the efforts taken to resolve the dispute). Plaintiffs argue that because Defendants refused to produce the requested documents in their email communication any additional conversation would have been impractical. But a faceless, superficial exchange of a few lines of text is far removed from an interactive and meaningful exchange of ideas. Moreover, Local Rule 37-1 encourages counsel to seek the assistance of the assigned Magistrate Judge before filing a formal discovery motion, which Plaintiffs also failed to do. Plaintiffs' violation of Local Rule 37-1 alone warrants a denial of Plaintiffs' motion to compel.

The motion to compel is also untimely. Discovery in this case ended June 17, 2014, and discovery requests had to be served by May 18, 2014. Plaintiffs did not serve their disputed discovery until August 13, 2014, and Plaintiffs filed their motion to compel on September 17,

2014—three months after the discovery deadline. Plaintiffs provide no good reason for their untimely requests for production and motion to compel. Instead, Plaintiffs assert that the parties intended the upcoming December 31, 2014, deadline to depose expert witnesses to include all expert discovery. According to Plaintiffs, the original intent of the parties was to separate non-expert discovery from expert and damages discovery. Plaintiffs claim that the Court-ordered CMP should have incorporated the parties' intent to separate expert discovery, making Plaintiffs' request for production timely. [Filing No. 380, at ECF p. 4.] However, this is not what the CMP order says. The CMP expressly notes that the December 31, 2014, deadline is exclusively for the parties to depose expert witnesses. [Filing No. 281, at ECF p. 2.] The order also expressly states that the Court will strictly enforce the CMP. Plaintiffs admit that the CMP does not clearly express their interpretation of the order. [Filing No. 380, at ECF p. 4.]

    Moreover, Defendants do not share Plaintiffs' interpretation and have not operated under the same understanding. Defendants served all of their discovery requests thirty-three days before the May 18 deadline and completed their expert discovery before the June 17 deadline. In contrast, Plaintiffs served no written discovery pertaining to expert witnesses prior to the discovery deadline despite receiving Defendants' first expert report nearly a year ago. [Filing No. 378, at ECF p. 5.] The Court is mindful of Plaintiffs' argument that they will be prejudiced without the requested documents, but the Court reiterates that this prejudice is of Plaintiffs' own making. Any prejudice is mitigated by the fact that Plaintiffs still have their opportunity to depose Defendants' experts and their own rebuttal expert, and Plaintiffs can independently research Defendants' experts. Thus, Plaintiffs' motion to compel is denied.[1]

---

[1] Plaintiffs also argue that their requests for production are permissible under Federal Rule of Civil Procedure 26 to which Defendants disagree. Given that Plaintiffs' requests for production violate Local Rule 37-1 and are untimely, the Court need not rule on the Rule 26 argument.

In addition, Plaintiffs filed an emergency motion to disclose confidential and "attorneys' eyes only" documents to Plaintiffs' expert and to extend the rebuttal expert deadline. In light of the Court's motion to compel ruling, the parties agreed to extend the rebuttal expert deadline ten additional business days to October 31, 2014, and the parties resolved the disclosure issue in the course of briefing. Consequently, Plaintiffs' request for the disclosure of these documents is denied as moot. The Court grants Plaintiffs' related motion to seal expert documents. [Filing No. 373.] The parties resolved the underlying issue concerning the confidential expert documents, and the documents are not dispositive of the case's merits.

Lastly, the Court turns to Defendants' motion to strike Plaintiffs' surreply.[2] [Filing No. 379.] Plaintiffs filed a twenty-eight page surreply in response to Defendants' motion for summary judgment without seeking leave from the Court. This violates Local Rule 7-1, which limits reply briefs to twenty pages. Plaintiffs assert that Local Rule 7-1 provides no page limit for surreply briefs so Plaintiffs did not err in submitting a twenty-eight page brief. While the local rule does not expressly discuss surreplies, the rule does expressly limit reply briefs to twenty pages. To permit a surreply brief to exceed the page limit set forth for a reply brief would frustrate the purpose of the local rule, which limits the pages of successive briefs and obviously contemplates a narrowing of the issues as briefing progresses. The last thing litigation needs—especially this litigation—is a rule that allows parties to file surreplies with no page limits. Plaintiffs claimed at the September 24 status conference that Local Rule 7-1 would permit them to file a 100-page surreply without requesting leave of Court if Plaintiffs deemed it necessary.

---

[2] At the time of the telephonic status conference, Plaintiffs had yet to respond to Defendants' motion to strike. The motion is not complex, and the Court gave Plaintiffs an opportunity at the telephonic status conference to respond.

This position is untenable. Thus, Defendants' motion to strike Plaintiffs' surreply is granted. The Court gave Plaintiffs' until 5 p.m. September 26, 2014, to submit a twenty-page surreply.

For these reasons, the Court grants Defendants' motion to strike [Filing No. 379], and denies Plaintiffs' motion to compel [Filing No. 374]. Plaintiffs' motion to disclose expert documents [Filing No. 371] is denied as moot. Related to Plaintiffs' motion to disclose, the Court grants Plaintiffs' motion to seal [Filing No. 373] and Filing No. 372 shall remain under seal. The Court extends the rebuttal witness deadline to October 31, 2014, and Plaintiffs have until 5 p.m. September 26, 2014, to file a twenty-page surreply.

Date: 9/29/2014

_____
Tim A. Baker
U.S. Magistrate Judge
Southern District of Indiana



Distribution to all counsel of record via CM/ECF.