UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| HECKLER & KOCH, INC., and <br> HECKLER & KOCH GMBH, <br><br> Plaintiffs, <br><br> vs. <br><br> GERMAN SPORT GUNS GMBH, <br> AMERICAN TACTICAL IMPORTS, INC., <br><br> Defendants. <br> ------------------------------------------------- <br> AMERICAN TACTICAL IMPORTS, INC., <br> GERMAN SPORT GUNS GMBH, <br><br> Counter Claimants, <br><br> vs. <br><br> HECKLER & KOCH, INC., <br> HECKLER & KOCH GMBH, <br> G. WAYNE WEBER, and <br> NIELS IHLOFF <br><br> Counter Defendants. | No. 1:11-cv-01108-SEB-TAB |

**ORDER ON DEFENDANTS' MOTION FOR LEAVE TO FILE
A SECOND MOTION FOR SUMMARY JUDGMENT
AND MOTION FOR ORAL ARGUMENT**

Pending before the Court in this bitterly contentious litigation is Defendants' motion for leave to file a second motion for summary judgment and a related motion for oral argument. Defendants argue that the Court's summary judgment ruling paved the way for this second motion for summary judgment and this motion can resolve the case in its entirety. Not

surprisingly, Plaintiffs object, arguing that Defendants seek a second bite at the proverbial apple with no good cause to support their motion.  The Court agrees.  For the reasons set forth below, Defendants' motion for leave to file a second motion for summary judgment [Filing No. 452] and motion for oral argument [Filing No. 483] are denied.

On December 24, 2014, the Court issued an order granting in part and denying in part Plaintiffs' motion for summary judgment and denying in its entirety Defendants' motion for summary judgment.  As part of its ninety-five page order, the Court acknowledged that Plaintiffs' trade dress, while somewhat inartfully stated by Plaintiffs, contains the following elements: "the 'upper profile'/sighting mechanism, the magazine, the fire select switch, the trigger guard, and the grip."  [Filing No. 425, at ECF p. 68.]  This holding, Defendants argue, warrants a second motion for summary judgment because there is no genuine issue of material fact concerning whether the GSG-522 firearms infringe on Plaintiffs' trade dress.  Defendants assert that exhibits included in the 2009 settlement agreement specifically address each of these trade dress elements and that the parties agreed that these elements were non-infringing.  [Filing No. 452-2, at ECF p. 4-5.]  Moreover, Defendants contend that Plaintiffs' trade dress infringement claims relate to the GSG-522 rifle barrel, foregrip, and stock—elements excluded from the Court's five-element trade dress.  Lastly, Defendants submit that denying their second motion for summary judgment would allow Plaintiffs to rely on a trade dress that differs from the Court's five-element trade dress.  Defendants argue that this would lead to inequitable results, as Plaintiffs would have "permission to sue unfairly for a nebulous trade dress right on anything [Defendants] may attempt to sell."  [Filing No. 452-2, at ECF p. 5.]

Plaintiffs respond that Defendants' motion for leave to file a second motion for summary judgment should fail for two reasons.  First, Defendants' motion is untimely and fails to satisfy

good cause, a necessary requirement for filing an untimely motion. Under Federal Rule of Civil Procedure 16(b)(4), "a schedule may be modified only for good cause and with the judge's consent." Rather than explain why Defendants have good cause to file a second motion for summary judgment, Plaintiffs assert that Defendants inappropriately discuss the merits of their motion. Ironically, Defendants assert that a second motion for summary judgment will avoid wasting judicial resources. Given the bloated filings in this litigation, Defendants' suggestion that this motion will somehow alleviate the Court's workload is hardly persuasive.

As Plaintiffs point out, Defendants filed their motion for leave to file a second summary judgment motion eight months after the dispositive motion deadline. [Filing No. 472, at ECF p. 4.] Defendants contend that this was not improper because their current arguments rely on the Court's summary judgment order. Even so, Defendants waited nearly three months after the Court's order on summary judgment and five weeks after Defendants' motion to reconsider the summary judgment order to file this motion. [Filing No. 425; Filing No. 442.] This is exactly the type of motion practice the Court's March 17, 2014, order denying the joint motion to amend the Case Management Plan sought to avoid. The Court ordered the parties to follow a strict CMP schedule to ensure that this case moved toward trial and to put an end to the flurry of filings that expanded the scope of the lawsuit. [Filing No. 281.] Since then, the Court has strictly enforced this order, and absent extenuating circumstances, the Court intends to follow the March 17, 2014, schedule. Granting Defendants' second motion for summary judgment would allow Defendants to brief issues that Plaintiffs argue the Court already discussed in its summary judgment order. This would further delay this case—already pending for more than three and a half years. Defendants provide no convincing good cause argument to justify a departure from the Court's March 17, 2014, CMP schedule. Thus, Defendants' good cause argument fails.

Plaintiffs' second argument asserts that Defendants' motion improperly seeks resolution of issues the Court reserved for the jury in its summary judgment order. Defendants argue that the Court has not ruled on the issues set forth in their second motion for summary judgment as the current motion stems from the Court's summary judgment findings. A comparison of the Court's holdings in its summary judgment order and Defendants' argument in its second motion for summary judgment suggest otherwise. Defendants' motion argues that an exhibit attached to the settlement agreement shows that Defendants could not have infringed on the trade dress. [Filing No. 452-2, at ECF p. 4.] This same exhibit was before the Court on summary judgment, and the Court held that whether the 2009 settlement exhibit portraying the GSG-522 firearm infringed on Plaintiffs' MP5 design was an issue of fact reserved for the jury. [Filing No. 425, at ECF p. 51-52.]

Considering this exhibit and other related issues, the Court concluded that Plaintiffs' trade dress infringement claims could not be resolved on summary judgment.[1] The Court found a genuine issue of material fact existed as to whether Plaintiffs' trade dress was identifiable and protected under the Lanham Act. In reaching this conclusion, the Court considered the non-functionality of the MP5 design, the MP5 design's secondary meaning, and whether Plaintiffs abandoned their trade dress. [Filing No. 425, at ECF p. 56-58, 63-86.] These are the same issues the Court would have to revisit if it granted Defendants' second motion for summary judgment. There is no need for the Court to address these arguments a second time.

---

[1] Defendants' second motion for summary judgment also seeks to resolve Plaintiffs' breach of contract claims. However, the Court's summary judgment order concluded that the contract claims could not be resolved by summary judgment because they were too intertwined with the trade dress infringement issue. [Filing No. 425, at ECF p. 52.]

For these reasons, Defendants' motion for leave to file a second motion for summary judgment [Filing No. 452] is denied. Defendants' related motion for oral argument [Filing No. 483] is also denied.

Date: 5/19/2015

*[signature]*

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

Darlene R. Seymour
dseymour@ce-ip.com

Jason M. Sneed
SNEED PLLC
jsneed@sneedlegal.com

Charles .M. Landrum, III
SNEED PLLC
clandrum@sneedlegal.com

Bruce Benjamin Paul
STITES & HARBISON, LLP
bpaul@stites.com

Douglas B. Bates
STITES & HARBISON, LLP
dbates@stites.com

Neal F. Bailen
STITES & HARBISON, LLP
nbailen@stites.com

Anne L. Cowgur
TAFT STETTINIUS & HOLLISTER LLP
acowgur@taftlaw.com

Jonathan G. Polak
TAFT STETTINIUS & HOLLISTER LLP
jpolak@taftlaw.com

Melissa A. Gardner
TAFT STETTINIUS & HOLLISTER LLP
mgardner@taftlaw.com

Michael Zachary Gordon
TAFT STETTINIUS & HOLLISTER LLP
zgordon@taftlaw.com

Tracy Nicole Betz
TAFT STETTINIUS & HOLLISTER LLP
tbetz@taftlaw.com