UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| HECKLER & KOCH, INC., | ) | |
| *et al.* | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | 1:11-cv-01108-SEB-TAB |
| | ) | |
| GERMAN SPORT GUNS GMBH, | ) | |
| *et al.* | ) | |
| Defendants. | ) | |

## Order on Pending Motions

This cause is before the Court on three motions: Defendants' two motions for sanctions [Docket Nos. 384, 386], both filed on October 11, 2014; and Plaintiffs' motion for certification of interlocutory appeal [Docket No. 399], filed on November 4, 2014. We dispose of these motions in the manner discussed below.

## Background

This case has grown into a Dickensian monstrosity.[1] The parties' claims and counterclaims raised sensitive questions of law and fact—questions whose resolution demands not only zealous advocacy, but also good faith. While zeal has abounded, good faith has been in short supply. The parties have piled motion on motion and objection on objection; the peevishness pervading their submissions has taxed the Court's patience just as surely as it has depleted our reserves of ink and paper. But the case grinds onward, and so must we.

We have set forth the factual and procedural history of this lawsuit many times, and we do not find it necessary to do so again. Before us are three motions filed before the Court issued

---

[1] *See generally* Charles Dickens, *Bleak House,* Ch. I, "In Chancery" (1853) ("Jarndyce and Jarndyce drones on. This scarecrow of a suit has, in course of time, become so complicated, that no man alive knows what it means.").

its Order on summary judgment on December 24, 2014. Two have already been addressed in a Report and Recommendation issued by Magistrate Judge Baker; the other has been essentially mooted by the Court's Order on the parties' cross motions for summary judgment. We understand that Plaintiffs and Defendants are also unable to agree on a trial date, *see* Docket No. 498, and that additional disputes remain outstanding concerning expert designations [Docket No. 422] and elements of Plaintiffs' Answer to Defendants' counterclaims [Docket No. 424]. We reserve rulings on those matters for a later entry, resolving these three pending motions with the fond, perhaps far-fetched, hope that the parties might experience a new birth of comity—and make further progress on their own towards bringing this lawsuit to a just and efficient resolution.

## Legal Analysis

### I.      Motions for sanctions [Docket Nos. 384, 386]

On October 11, 2014, Defendants filed two motions for sanctions against Plaintiffs stemming from misrepresentations Plaintiffs' counsel made to Defendants and to the Court. We referred the motions to Magistrate Judge Baker, who issued a Report and Recommendation on May 22, 2015. Docket No. 493. Neither party filed a timely objection to the Report and Recommendation, which we therefore adopt.

In accordance with the well-reasoned recommendation of Magistrate Judge Baker, we resolve the two motions for sanctions as follows:

Defendants' first motion for sanctions under Federal Rule of Civil Procedure 11 [Docket No. 384] is GRANTED, but the relief provided is limited to an admonishment of Plaintiffs' counsel Jonathan Polak.

Defendants' second motion for sanctions under Federal Rules of Civil Procedure 26 and 37 [Docket No. 386] is GRANTED in part and DENIED in part, as detailed in Judge Baker's Report and Recommendation. As stated in the Report and Recommendation, Defendants are entitled to an award of attorneys' fees and expenses for the filing of the sanctions motion. The parties have 28 days in which to agree upon an amount that will reasonably compensate Defendants; if they are unable to do so, Defendants should file a petition with the Court before 28 days have elapsed.

## II.   Motion for certification of interlocutory appeal

On May 15, 2014, the Court issued an Order that, among other things, denied Plaintiffs' partial motion to dismiss Defendants' counterclaims for actual fraud, deception, and tortious interference with business relationship. Docket No. 298 at 15–23 (actual fraud), 28–29 (deception and tortious interference). The Court subsequently denied Plaintiffs' motion for reconsideration. Docket No. 383. Pursuant to 28 U.S.C. § 1292(b), Plaintiffs then petitioned us to certify the two following questions for interlocutory appeal:

1. The "Mootness Question": Under the Lanham Act, where a plaintiff-trademark owner, who had standing as the "registrant" to initiate an action for infringement of a registered trademark, assigns the mark to a non-party before conclusion of the action without expressly assigning the right to recover damages for pre-assignment infringement, is the claim of the plaintiff for pre-assignment infringement rendered moot?
2. The "Rule 25(c) Question": Under Federal Rule of Civil Procedure 25(c), may an action for trademark infringement be continued by the original plaintiff-registrant who, during the pendency of the action, transfers its going-forward interests in the trademark to a transferee?

Docket No. 399 at 2.

United States District Judges are empowered to certify an interlocutory order for immediate appeal if the "order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may

materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). As the
Seventh Circuit has explained, the statute contemplates that certification for interlocutory appeal
is appropriate only when four criteria are present: "there must be a question of *law,* it must be
*controlling*, it must be *contestable,* and its resolution must promise to *speed up* the litigation."
*Ahrenholtz v. Bd. of Trs. of Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir. 2000) (emphasis original);
*State Farm Fire & Cas. Co. v. Sunbeam Prods., Inc.*, 2010 WL 2903856, at *1 (S.D. Ind. July
21, 2010).

The questions that Plaintiffs sought to certify for appeal have been rendered irrelevant to
the resolution of this case by the Court's December 24, 2014 Order on the parties' cross motions
for summary judgment. Docket No. 425. In that ruling, we granted Plaintiffs' motion for
summary judgment as to Defendants' counterclaims for actual fraud, deception, and tortious
interference. *See* Docket No. 425 at 10–29 (actual fraud), 29–35 (deception), and 35–42 (tortious
interference). We denied Defendants' motion for reconsideration on April 21, 2015. Docket No.
475.

Plainly, a question of law is not "controlling" if it is no longer before the Court at all.
*Cf. Sokaogon Gaming Enter. Corp. v. Tushie–Montgomery Assocs., Inc.,* 86 F.3d 656, 659 (7th
Cir. 1996) ("A question of law may be deemed 'controlling' if its resolution is quite likely to
affect the further course of the litigation, even if not certain to do so."). Interlocutory appeal is
fitting only where "exceptional circumstances justify a departure from the basic policy of
postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v.
Livesay,* 437 U.S. 463, 475 (1978). Whatever merits they once may have had, intervening rulings
have rendered the legal questions presented by Plaintiffs' motions academic for the purposes of
this litigation—and thus abundantly unsuitable for interlocutory appeal.

4

Plaintiffs' motion for certification of interlocutory appeal pursuant to 28 U.S.C. § 1292(b) is accordingly DENIED.

## **Conclusion**

We ADOPT Magistrate Judge Baker's Report and Recommendation [Docket No. 493] as to Defendants' two motions for sanctions [Docket Nos. 384, 386]. Defendants' motion for sanctions pursuant to Rule 11 [Docket No. 384] is GRANTED; Defendants' motion for sanctions pursuant to Rules 26 and 37 [Docket No. 386] is GRANTED in part and DENIED in part, as detailed above and in Magistrate Judge Baker's Report and Recommendation.

Plaintiffs' motion for certification of interlocutory appeal [Docket No. 399] is DENIED.

IT IS SO ORDERED.

Date:    8/14/2015

_Sarah Evans Barker_

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

5

Distribution:

Darlene R. Seymour
dseymour@ce-ip.com

Jason M. Sneed
SNEED PLLC
jsneed@sneedlegal.com

Charles .M. Landrum, III
SNEED PLLC
clandrum@sneedlegal.com

Bruce Benjamin Paul
STITES & HARBISON, LLP
bpaul@stites.com

Douglas B. Bates
STITES & HARBISON, LLP
dbates@stites.com

Neal F. Bailen
STITES & HARBISON, LLP
nbailen@stites.com

Anne L. Cowgur
TAFT STETTINIUS & HOLLISTER LLP
acowgur@taftlaw.com

Jonathan G. Polak
TAFT STETTINIUS & HOLLISTER LLP
jpolak@taftlaw.com

Melissa A. Gardner
TAFT STETTINIUS & HOLLISTER LLP
mgardner@taftlaw.com

Michael Zachary Gordon
TAFT STETTINIUS & HOLLISTER LLP
zgordon@taftlaw.com

Tracy Nicole Betz
TAFT STETTINIUS & HOLLISTER LLP
tbetz@taftlaw.com